SPRINGHORN, RECEIVER, RESPONDENT, *v.* DIRKS ET AL., APPELLANTS.

(No. 5,551.)

(Submitted November 15, 1924. Decided December 23, 1924.)

[231 Pac. 912.]

*Banks and Banking—Insolvency—Statutory Liability of Stockholders—Method of Enforcement—Suit in Equity—Complaint—Sufficiency—Estates of Deceased Persons—Executors and Administrators—Presentation of Claim for Amount of Assessment Unnecessary.*

Banks and Banking—Insolvency—Stockholders' Liability—Complaint—Sufficiency.

1. In an action by the receiver of an insolvent bank commenced under Chapter 9, Laws of 1923, to enforce the stockholders' statutory liability, complaint *held* sufficient to show that the bank was a party defendant in the receivership proceedings, that it was being liquidated by the court, and that its insolvency had been judicially determined.

Pleading—Exhibits Considered Part of Pleading.

2. An exhibit made a part of and attached to a complaint may properly be considered a part of the pleading.

Banks and Banking—Order Adjudging Insolvency and Levying Assessment on Stockholders not Appealed from, Conclusive in Action to Enforce Liability.

3. Where no appeal was taken from an order of court determining the insolvency of a state bank, its liabilities and the amount of the assessments due from the stockholders under their statutory liability, it was conclusive and binding upon them in a subsequent proceeding by the receiver to enforce their liability.

Same—Stockholders have No Vested Right in Method of Enforcement of Liability.

4. The holder of bank stock has no vested right in any particular method or procedure for enforcing his liability, nor can he object to the adoption of a new method of enforcing it; hence the fact that Chapter 9, Laws of 1923, under which the receiver may commence action against him instead of the creditors, was passed after the bank became insolvent did not prejudice him in any of his rights.

Same—Liability of Stockholders — Receiver's Action to Enforce—Equity.

5. The receiver of an insolvent state bank may in one action, equitable in its nature, proceed against all its stockholders who refuse to pay their assessments on their statutory liability, where

4. Right of receiver, assignee or trustee to recover statutory added liability of corporate shareholder, see note in 31 L. R. A. (n. s.) 365.

only questions of law are raised and all their rights can be properly protected; under such conditions defendants are not entitled to a jury trial.

Same—Stock Held by Estate—Administrators—Presentation of Claim for Amount of Assessment not Required.

6. Where stock in an insolvent state bank is held by an estate in charge of an administrator, the estate is liable for the assessment levied against the stock by order of court, and to entitle the receiver to proceed to collection, under Chapter 9, Laws of 1923, he is not required to first present a claim against the estate to the administrator for approval or rejection.

*Appeal from District Court, Cascade County; H. H. Ewing, Judge.*

ACTION by A. W. Springhorn, as receiver of the American Bank & Trust Company of Great Falls, against A. B. Dirks, George H. Hagenson, administrator of the estate of John F. Hagenson, deceased, and others. Judgment for plaintiff and defendants appeal. Affirmed.

*Messrs. Freeman, Thelen & Frary, Mr. J. W. Speer, Mr. J. A. McDonough, Mr. A. H. Gray* and *Messrs. McKenzie & McKenzie,* for Appellants, submitted an original and a reply' brief; *Mr. Speer* and *Mr. John McKenzie* argued the cause orally.

Defendants submit that the complaint fails to state facts sufficient to constitute a cause of action against defendants or either of them, or which will entitle them to equitable relief for the following reasons: (a) It does not allege that said bank was a party to the proceedings in which plaintiff was appointed receiver; or (b) that the bank is being liquidated by the court. (c) It does not allege the amount of the debts of the bank at the time the complaint was made, or at any other time. (d) It does not allege that the indebtedness of the bank or its insolvency has been judicially determined. (e) It does not allege facts from which it appears that the court had jurisdiction to appoint plaintiff or to make the alleged assessment, and (f) it does not allege facts bringing it within the principles of *Barth* v. *Pock,* 51 Mont. 418, 155 Pac. 282, providing

for a creditor's suit or facts invoking the powers of a court of equity. (*Andrews* v. *Holcomb,* 79 Neb. 660, 113 N. W. 204; 7 C. J. 512, sec. 86; *Eison* v. *Wright,* 134 Iowa, 634, 112 N. W. 105; 7 C. J. 513, 518, 521; *Zang.* v. *Wyant,* 25 Colo. 551, 71 Am. St. Rep. 145, 56 Pac. 565; *Wilson* v. *Book,* 13 Wash. 676, 43 Pac. 939.)

We contend that plaintiff has a plain and adequate remedy at law against each defendant for the recovery of his liability and such being the case equity will not interfere. (*Mussel-shell Cattle Co.* v. *Woolfolk,* 34 Mont. 126, 85 Pac. 874; 10 R. C. L. 286; *Rogers* v. *Boston Club,* 205 Mass. 261, 28 L. R. A. (n. s.) 743, 91 N. E. 321; *Burke* v. *Scheer,* 89 Neb. 80, 33 L. R. A. (n. s.) 1057, 130 N. W. 962; *Hale* v. *Allison,* 102 Fed. 790; affirmed, 188 U. S. 56, 47 L. Ed. 380, 23 Sup. Ct. Rep. 244 [see, also, Rose's U. S. Notes]; *Kennedy* v. *Gibson,* 8 Wall. (U. S.), 498, 19 L. Ed. 476.)

As an additional reason why judgment should not have been given against defendant Hagenson we submit that the complaint does not state a cause of action against this defendant; and it is manifest that no cause of action can be maintained on the claim for the reason that the time for presenting an allowance or rejection of claims against the estate had expired and that the suit thereon is therefore expressly prohibited by statute. (*Dodson* v. *Nevitt,* 5 Mont. 518, 6 Pac. 358; *First Nat. Bank* v. *Collins,* 17 Mont. 433, 52 Am. St. Rep. 695, 43 Pac. 499; *In re Williams Estate,* 47 Mont. 325, 132 Pac. 421; *In re Higgins Estate,* 15 Mont. 474, 28 L. R. A. 116, 39 Pac. 506.)

In the state of Washington, it has been held "a claim for an assessment on shares of an insolvent bank against the estate which existed before the expiration of the year specified in the Notice (notice to creditors) is barred if not presented." (See *In re Macdonald's Estate,* 29 Wash. 422, 69 Pac. 1111; *Barto* v. *Stewart,* 21 Wash. 605, 59 Pac. 480.) According to the weight of authority, where the statutes require presentation of a claim against an estate to the personal representative,

the declaration of complaint in an action on such claim must allege presentation (*Vanderpool* v. *Vanderpool,* 48 Mont. 448, 138 Pac. 772; *Brown* v. *Daly,* 33 Mont. 523, 84 Pac. 883; *Fratt* v. *Hunt,* 108 Cal. 288, 41 Pac. 12; *Morris* v. *Steele,* 149 Cal. 303, 86 Pac. 693; 18 Cyc. 991).

*Messrs. Norris, Hurd & Rhoades* and *Mr. H. C. Hall,* for Respondent, submitted a brief; *Mr. Hall* argued the cause orally.

It is elementary that an exhibit may be considered as a part of the pleading to aid the allegations thereof. (*Meer* v. *Cerati,* 53 Cal. App. 497, 200 Pac. 501; *Ross* v. *Breene,* 88 Okl. 37, 211 Pac. 417; *Lowe* v. *B. B. Mining Co.,* 194 Ky. 88, 238 S. W. 192; *Massachusetts Bond Co.* v. *Free,* 71 Ind. App. 275, 124 N. E. 716; *Clarke* v. *Murphy,* 99 Wash. 643, 170 Pac. 141; *State* v. *Atlantic Coast Line R. Co.,* 202 Ala. 558, 81 So. 60; *Orpheus Vaudeville Co.* v. *Clayton Inv. Co.,* 41 Utah, 605, 128 Pac. 575; *Bridgeton* v. *Fidelity Co.,* 88 N. J. L. 645, 96 Atl. 918.)

The assessment order was made in the receivership proceedings and the stockholders are bound whether they are made parties or not. (*Bernheimer* v. *Converse,* 106 U. S. 516, 51 L. Ed. 1163, 27 Sup. Ct. Rep. 755 [see, also, Rose's U. S. Notes]; *Lynch* v. *Jacobson,* 55 Utah, 129, 184 Pac. 929; *German Amer. Merc. Bank* v. *Ripley,* 124 Wash. 322, 214 Pac. 160; *Casey* v. *Galli,* 4 Otto (U. S.) 673, 24 L. Ed. 168 [see, also, Rose's U. S. Notes]; *United States* v. *Knox,* 102 U. S. 422, 26 L. Ed. 216; *Stringfellow* v. *Patterson* (Tex.), 192 S. W. 555; *Davis* v. *Moore,* 130 Ark. 128, 197 S. W. 295; *Converse* v. *Ayer,* 197 Mass. 443, 84 N. E. 98; *Sanger* v. *Upton,* 91 U. S. 56, 23 L. Ed. 220; *Hawkins* v. *Glenn,* 131 U. S. 319, 33 L. Ed. 184, 9 Sup. Ct. Rep. 739; *Rankin* v. *Miller,* 207 Fed. 602.) The federal statute under which several of the above cases were decided is strikingly similar to our own. In each of the above cases the action for the recovery of the statutory liability was subsequent to and distinct from the receivership proceedings.

[72 Mont. 121.]

The fund derived from the payment, voluntary or otherwise, of the statutory liability is a trust fund for the benefit of creditors. (*Barth* v. *Pock,* 51 Mont. 418, 155 Pac. 282.) This was the rule prior to the enactment of statutes empowering a receiver to sue. (*Barth* v. *Pock, supra; Pickering* v: *Hastings,* 56 Neb. 201, 76 N. W. 587; *Pyles* v. *Carney,* 85 W. Va. 159, 101 S. E. 174; *Hirshfield* v. *Bopp,* 39 App. Div. 613, 57 N. Y. Supp. 699.) The fact that this action is for the recovery of a trust fund for the benefit of all creditors is in itself a sufficient basis for equity jurisdiction. (*Bailey* v. *Tillinghast,* 99 Fed. 801, 40 C. C. A. 93, *Alsop* v. *Conway,* 188 Fed. 568, 110 C. C. A. 366.) But the want of an adequate remedy at law, which is "the very cradle of equity" (*Wilson* v. *Harris,* 21 Mont. 374, 54 Pac. 46; *Raymond* v. *Blancgrass,* 36 Mont. 449, 93 Pac. 648), is a sufficient reason for the interposition of equity herein. By adequacy of remedy is meant that the legal action must be clear, complete, practical and efficient to the ends of justice and its prompt administration as the remedy in equity, and where there is doubt as to the adequacy of the legal remedy such doubt should be resolved in favor of the equitable jurisdiction. (*Fredenberg* v. *Whitney,* 240 Fed. 819.) It is elementary that the necessity of a multiplicity of suits in itself constitutes the inadequacy of the remedy at law which confers equitable jurisdiction. (21 C. J. 72; *Musselshell Cattle Co.* v. *Woolfolk,* 34 Mont. 126, 85 Pac. 874.) That a multiplicity· of actions at law would be necessary herein is apparent. (*Hale* v. *Allison,* 188 U. S. 56, 47 L. Ed. 380, 23 Sup. Ct. Rep. 244 [see, also, Rose's U. S. Notes]; *Brown* v. *Allebach,* 156 Fed. 697; *Harris* v. *Taylor,* 148 Ga. 663, 98 S. E. 86; *Lynch* v. *Jacobsen,* 55 Utah, 129, 184 Pac. 929; *More* v. *Ripley,* 106 Ga. 556, 32 S. E. 647; *Pyles* v. *Carney,* 85 W. Va. 159, 101 S. E. 174; *Van Tuyl* v. *Schwab,* 172 App. Div. 563, 158 N. Y. Supp. 810; *Pickering* v. *Hastings,* 56 Neb. 201, 76 N. W. 587; *Shuey* v. *Adair,* 24 Wash. 378, 64 Pac. 536; *Foster* v. *Broas,*

120 Mich. 1, 77 Am. St. Rep. 565, 79 N. W. 696; *Benton* v. *Am. Nat. Bank.* 276 Fed. 368.)

The point raised by appellants that the complaint and evidence are insufficient as respects the appellant Hagenson, administrator, has been disposed of several times by federal courts under a federal statute which is practically identical with our statute (Chap. 9, Sess. Laws of 1923), contrary to their contention. (See *Zimmerman* v. *Carpenter,* 84 Fed. 747; *Rankin* v. *Miller,* 207 Fed. 602; 7 C. J. 773, 774.)

HONORABLE JOSEPH R. JACKSON, District Judge, sitting in place of MR. CHIEF JUSTICE CALLAWAY, disqualified, delivered the opinion of the court.

The American Bank & Trust Company, a state banking institution, with its place of business at Great Falls, Montana, and a capitalization of $225,000, divided into 2,250 shares of stock, each $100, failed to open for business on December 3, 1921, and has since remained closed. All the defendants, except those appearing as administrators, were on that date stockholders in various amounts. On January 6, 1922, the attorney general filed a petition in the district court of Cascade county, praying that a receiver be appointed for the bank. On January 7 the court appointed, upon nomination of the superintendent of banks, Mr. A. W. Springhorn as such receiver. On June 7, 1923, the receiver filed his petition in the district court of Cascade county, requesting, among other things, and giving reasons therefor, that the court make an order directing an assessment and collection from all stockholders of their full statutory liability. On the same day the court levied an assessment on all of the stockholders of the bank to their full statutory liability, and ordered the receiver to collect by suit or otherwise. Thereafter, and prior to June 30, 1923, several of the stockholders voluntarily paid the amount assessed. Against those who refused payment this action was instituted and tried by the court sitting without a

jury. At the hearing the complaint of the attorney general praying for the appointment of a receiver, the order. appointing plaintiff, the oath filed by him, the petition requesting the assessment, the order for the assessment, and notice of assessment sent by registered mail to each stockholder, were received in evidence over defendants' objections. The record then shows that no appeal was ever taken from either order, and that defendants had not paid the amounts assessed against them. The stock certificate book of the bank was received, showing stock certificates issued to all of the defendants for the respective amounts alleged in the complaint. This constituted plaintiff's evidence.

On behalf of the defendant Hagenson the order of publication of notice to creditors, the affidavit of publication, and the decree showing that due and legal notice to creditors was given, were placed in evidence, and it was agreed that no claim had ever been filed by the receiver in the Hagenson estate. The rest of defendant's evidence showed that there had been but one complaint filed by the attorney general against the bank and that no process had issued thereon. Defendants' motion for nonsuit was denied, proposed findings submitted, and thereafter the court ordered judgment for the plaintiff, from which this appeal is taken.

A motion to dismiss the appeal of defendant Charles Gies on the ground that subsequent to the perfecting of his appeal he had paid the judgment in partial satisfaction, and promised to pay the balance, having been duly served and filed, and no objection appearing, is granted, and his appeal is dismissed.

Sixteen specifications of error are assigned, all of which may be disposed of in testing the sufficiency of the complaint and determining the nature of the cause, with the exception of two in which the defendant Hagenson is alone concerned.

The action was brought under Chapter 9 of the Session Laws of 1923, which provides: "In cases where a bank is liquidated by a court through a receiver, the receiver may by order of the court institute and maintain appropriate suits

or actions in the courts of this state on behalf of the creditors of the bank against stockholders for the recovery and collection of stockholders' liability. Any money paid to the receiver by a stockholder, in whole or partial satisfaction of his liability, shall not be deemed paid voluntarily, but shall give the stockholder the same protection, to the extent of the amount paid, as if the payment were made after suit brought by the receiver. The receiver is authorized and empowered to receive and receipt for any and all amounts due and collected from stockholders, and shall from time to time, under order of the court, distribute the amounts so collected without diminution to the creditors of the bank in this section enumerated."

It is urged that the complaint does not state a cause of [1] action, in that it does not allege that the bank was a party to the proceedings in which the plaintiff was appointed receiver, nor that the bank is being liquidated by the court, nor the amount of the debts of the bank, nor the indebtedness of the bank, nor that its insolvency has been judicially determined, nor are other facts alleged from which it appears that the court had jurisdiction to appoint the plaintiff or make the assessment, and also that it does not allege facts bringing it within the principles of *Barth* v. *Pock*, 51 Mont. 432, 155 Pac. 282.

The complaint sets forth that the receiver was appointed by an order duly given and made by the district court of the eighth judicial district of the state of Montana, and that "on or about the seventh day of June, 1923, upon a proper proceeding before the district court of the eighth judicial district of the state of Montana, in and for the county of Cascade, in the matter of the above receivership, the said court duly found, made and entered its order therein that it was necessary in order to pay the debts and the liabilities of said American Bank & Trust Company, that the full amount of the statutory liability be collected from the stockholders of said bank and each thereof, a copy of which said order is hereto attached, marked Exhibit 'A,' and by this reference made a

part hereof.'' The order made a part of the complaint by reference shows on its face to have been made in the receivership proceedings, and discloses that the bank is a party [2] defendant in the petition. That an exhibit may be considered as part of the pleadings needs no citation of authorities. Beyond any shadow of doubt the complaint shows the bank was a party to the receivership proceedings, and there is nothing in the record to suggest it did not appear voluntarily.

The objection that the complaint does not show that the bank is being liquidated by the court is utterly without merit. Outside the general receivership proceedings, in which court action and supervision are contemplated, there are two methods for the liquidation of a bank: (1) Through voluntary liquidation under supervision of the state banking department; and (2) through the appointment of a receiver in a court action brought by the attorney general. The complaint clearly shows that this action is under the latter. No other construction can be had of the complaint together with the attached exhibits.

As to the insolvency of the bank, its indebtedness, liabilities, [3] and the amount of the assessment, all were determined in the receivership proceedings, and, since no appeal has ever been taken therefrom, the correctness of the determination of the court may not be questioned herein. (Sec. 10558, Rev. Codes, 1921.) The order is conclusive and binding on the stockholders. (*Howarth* v. *Lombard,* 175 Mass. 570, 49 L. R. A. 301, 56 N. E. 888; *Lynch* v. *Jacobsen,* 55 Utah, 129, 184 Pac. 929; *Hanson* v. *Soderberg,* 105 Wash. 255, 177 Pac. 827.)

There is certainly no allegation bringing this case within the principles of *Barth* v. *Pock, supra,* nor should there be. That was a suit brought by creditors for themselves and all other creditors against the stockholders of the State Savings Bank, [4] and was no part of the receivership proceedings. The statute, Chapter 9, Session Laws of 1923, undoubtedly was passed to avoid the necessity of a creditor's action. While this law was enacted subsequent to the failure of the American

Bank & Trust Company, its nature is remedial, and does not concern any rights the defendants possessed. The stockholders have no vested right in any particular method or procedure or against the adoption of any new method for enforcing their liability. (12 C. J. 977; *Moore* v. *Ripley,* 106 Ga. 556, 32 S. E. 647; *Persons* v. *Gardner,* 42 App. Div. 490, 56 N. Y. Supp. 822, 59 N. Y. Supp. 463; *Henley* v. *Myers,* 215 U. S. 373, 54 L. Ed. 240, 30 Sup. Ct. Rep. 148 [see, also, Rose's U. S. Notes].)

The complaint is proof against the objections urged.

The trial court held that this action is in equity, and with [5] it we must agree. The record shows there was not a single question of fact for decision by a court or jury. The matters raised by defendants were entirely questions of law. In a situation of this character we fail to see where any "right to trial by jury" was lost. Our statute, Chapter 9, *supra,* constitutes the receiver "the representative and *quasi* assignee of the creditors of the bank." (*Corwin* v. *Settergren,* 70 Mont. 535, 226 Pac. 522.)

This action is for the recovery of money for the benefit of all creditors, and the stockholders' liability is in the nature of a trust fund. (*Bailey* v. *Tillinghast,* 99 Fed. 801, 40 C. C. A. 93.) In *Alsop* v. *Conway,* 188 Fed. 568, 575, 110 C. C. A. 366, 373, it is said: "The suit below was thus essentially a proceeding for the collection, administration, and distribution of the trust fund. Such proceeding is properly brought in equity." The action is in aid of the receivership, and equity controls and disposes of the accumulated fund.

It cannot be gainsaid that a multitude of actions at law would be necessary, should the receiver be compelled to sue all of the eighty-one defendants separately. The enormous cost entailed, and the time consumed, would be appalling. This, in connection with the other factors in the action, is, indeed, a persuasive argument in favor of equity jurisdiction.

To justify the interference of equity it must appear that such action will promote justice, and that all rights involved

[72 Mont. 121.]

can be as well protected in the equity suit as in the separate action. Sustained in well-reasoned logic, we quote from Pomeroy on Equity Jurisprudence, fourth edition, section 269: "Under the greatest diversity of circumstances, and the greatest variety of claims arising from unauthorized public acts, private tortious acts, invasion of property rights, violation of contract obligations, and notwithstanding the positive denials by some American courts, the weight of authority is simply overwhelming that the jurisdiction may and should be exercised, either on behalf of a numerous body of separate claimants against a single party, or on behalf of a single party against such a numerous body, although there is no 'common title,' nor 'continuity of right,' or 'interest in the subject matter,' among these individuals, but where there is and because there is merely a community of interest among them in the questions of law and fact invoked in the general controversy.

"The objection which has been urged against the propriety or even possibility of exercising the jurisdiction, either on behalf of or against a numerous body of separate claimants, where there is no 'common title,' or community 'of right,' or 'of interest in the subject matter,' among them, is that a single decree of the court cannot settle the rights of all; the legal position and claims of each being entirely distinct from that of all the others, a decision as to one or some could not in any manner bind and dispose of the rights and demands of the other persons, and thus the proceeding must necessarily fail to accomplish its only purpose—the prevention of further litigation. This objection has been repeated as though it were conclusive; but like so much of the co-called 'legal reasoning' traditional in the courts, it is a mere empty formula of words without any real meaning, because it has no foundation of fact—it is simply untrue; one arbitrary rule is contrived and then insisted upon as the reason for another equally arbitrary rule. The sole and sufficient answer to the objection is found in the actual facts. The jurisdiction has been exercised in a

great variety of cases where the individual claimants were completely separate and distinct, and the only community of interest among them was in the question at issue and perhaps in that kind of relief, and the single decree has without any difficulty settled the entire controversy and determined the separate rights and obligations of each individual claimant.''

The case of *Lynch* v. *Jacobsen, supra,* is so fitting to our view in this instant action that we quote:

''In case, therefore, where it is manifest that a bank is insolvent it is to the best interests of all concerned that its debts be paid at as early a date as possible, and that the assets of the bank be not unnecessarily and unreasonably sacrificed by a forced conversion into cash at any price. The courts should exercise their full power in safeguarding, preserving, and protecting the rights of all the interested parties, stockholders as well as creditors, and require the receiver to proceed with reasonable expedition, but with fairness and justice to all. If such be done the method or nature of the proceedings to collect the stockholders' additional liability becomes of secondary importance. It therefore seems to us quite needless to waste time or energy respecting what the character or nature of the proceedings should be so long as the rights and interests of both the creditors and stockholders are preserved and protected. Moreover, this court has repeatedly held that under our Constitution all forms of action are abolished. That instrument explicitly directs, 'There shall be but one form of civil action, and law and equity may be administered in the same action.' Why, then, longer quibble about what the form or nature of an action shall be? Under the foregoing constitutional provision the only question that should arise in any case is what relief, and the extent thereof, the complaining party may be entitled to under the law when applied to the conceded or established facts in the case. True, there are still equitable as contradistinguished from legal rights and remedies. Neither the rights nor the relief to which the litigants may be entitled, however, depend upon the form or nature of the

action, but are entirely dependent upon the nature or character of the facts and the law applicable thereto. In this case, therefore, we see no reason whatever why, as a matter of economy and convenience, if for no other reason, the receiver may not sue as many of the stockholders in one and the same action as may be most convenient for all concerned. Nor do we see why he should not sue all the stockholders in one action if he can obtain legal service upon them or if they voluntarily appear. Nor do we see why a stockholder, in case he is sued separately, may not ask that his case be heard in connection with other cases in case such a course would not prejudice the rights of others. We can well understand that, in view that there may be stockholders who have defenses that are not common to all stockholders, such stockholders may desire to try their cases separately. That, it seems to us, however, is no reason why all the stockholders within the jurisdiction of the court may not be sued in one action. If it should appear that they might, or some of them might, be prejudiced by a joint trial, the court should grant them separate trials or hearings. All that may be done in conformity with our procedure and without sacrificing the rights or interests of any one. Nor should such a course prevent any stockholder from appealing to this court separately. We are of the opinion, therefore, that the defendant's contention that he, as a matter of right, may demand to be sued jointly with all other stockholders, or that any stockholder may, as a matter of right, demand to be sued separately, or that he may only be sued by a creditor or by several creditors, is not well founded. Each stockholder may, however, have his rights protected as hereinbefore stated.''

On behalf of Hagenson, administrator, it is urged that the [6] complaint does not state a cause of action, since it is not alleged therein that a claim had been presented to the administrator and rejected, and also that the proof affirmatively shows that no such claim had ever been presented. It is true that no claim was ever presented against the estate of Hagenson,

deceased, although there had been time within which it might have been.

Chapter 9, Session Laws of 1923, provides in part: "No person holding stock as executor, administrator, guardian, or trustee, * * * shall be personally subject to any liability as stockholder in such corporation; but * * * the estate and funds in the hands of such executor, administrator, guardian, or trustee, shall be liable in like manner and to the same extent as the testator, intestate, ward, or the person interested in such fund would have been liable if he had been living or competent to act and hold the stock in his own name."

Section 9690, United States Compiled Statutes (Rev. Stats., sec. 5152) provides: "Persons holding stock as executors, administrators, guardians, or trustees, shall not be personally subject to any liabilities as stockholders; but the estates and funds in their hands shall be liable in like manner and to the same extent as the testator, intestate, ward, or person interested in such trust funds would be, if living and competent to act and hold the stock in his own name."

The practical identity of the two sections is apparent. The defendant Hagenson holds stock as administrator within the meaning of the above Chapter. (Sec. 5947, Rev. Codes, 1921; *Gow* v. *Cascade S. M. & M. Co.*, 66 Mont. 488, 213 Pac. 1092.)

The federal statute, practically identical with our own, has been several times construed by the federal courts, and we approve and adopt the law with respect to the interpretation of our statute, as has been made applicable to the federal statute in the case of *Zimmerman* v. *Carpenter* (C. C.), 84 Fed. 747: "There is a plea of the statute of limitations contained in the answer, based upon the statute of the state of South Dakota regulating the time in which claims should be presented for allowance or rejection against the estate of decedents. By virtue of said statute and the order of the county court of the county of Minnehaha, the time within which a claim could be presented against the estate of Charles C. Carpenter, deceased, expired December 28, 1895. The bank failed November

23, 1896. The assessment was made February 4, 1897, and became due March 4, 1897, long after the expiration of the time limited for the presentation of claims against the estate of Charles C. Carpenter, deceased. While it is insisted that the claim is barred, it is as earnestly insisted that proper practice requires that the question whether the claim is barred or not should be left to the county court of Minnehaha county to determine; following the practice in *Wickham* v. *Hull,* 60 Fed. 326. If this court was of the opinion that the decision of this case required the court to construe a state statute, it would do so; but, it being of the opinion that it is not necessary so to do, it will proceed to dispose of the case upon the only grounds that to it seem tenable. Any theory upon which it is sought to maintain that the claim here attempted to be enforced is an ordinary claim against the estate of Charles C. Carpenter, deceased, to be presented and allowed in the manner required by the laws of the state of South Dakota, and, if not so presented and allowed, to be forever barred by the statute of nonclaim of said state, involves a total misconception of the object, meaning, and effect of sections 5151, 5152, Rev. Stats. U. S.

"Section 5151 provides: 'The shareholders of every national banking association shall be held individually responsible equally and ratably, and not one for another, for all contracts, debts and engagements of such association, to the extent of the amount of their stock therein, at the par value thereof, in addition to the amount invested in such shares.'

"Section 5152 provides: 'Persons holding stock as executors, administrators, guardians or trustees, shall not be personally subject to any liabilities as stockholders, but the estates and funds in their hands shall be liable in like manner and to the same extent as the testator, intestate, ward, or person interested in such trust funds would be, if living and competent to act and hold the stock in his own name.'

"Now, it was not necessary for Congress to provide by law that the estates of decedents should be liable for the debts

of deceased persons. That result would follow irrespective of section 5152. But Congress intended to, and did, provide that the estate of the testator or intestate, in the hands of an executor or administrator, should be liable in like manner, and to the same extent, as the testator or intestate would be if living, and competent to act, and hold the stock. By the language of the section last referred to, the death of the testator or intestate does not in any way affect the liability of the estate of the testator or intestate, except, if no liability on the stock arises until after the estate is fully distributed, then there would be no estate to be charged.'' To the same effect are *Rankin* v. *Miller* (D. C.), 207 Fed. 602; 7 C. J. 773, 774, and the cases there cited.

The judgment appealed from is accordingly affirmed.

*Affirmed.*

ASSOCIATE JUSTICES HOLLOWAY and STARK, HONORABLE WM. H. POORMAN, District Judge, sitting in place of MR. JUSTICE RANKIN, disqualified, and HONORABLE FRANK P. LEIPER, District Judge, sitting in place of MR. JUSTICE GALEN, disqualified, concur.