L. R. BAIRD, as Receiver of the Clyde State Bank of Clyde, North Dakota, Respondent, v. C. B. McMILLAN, as Executor of the Last Will and Testament of James Balfour, Deceased, Appellant.

(41 A.L.R. 177, 205 N. W. 682.)

**Executors and administrators — claims for superadded liability, not presented within time specified in notice for filing claims against decedent's estate, held not barred.**

Section 8736 of the Compiled Laws for 1913, barring claims against estates

---

Note.—As to applicability of nonclaim statutes to claims arising under contract executory at time of his death, see annotation in 41 A.L.R. 144.

53 N. Dak.—17.

of deceased persons, if not presented within the time specified in a notice, is construed in relation to an assessment of superadded liability imposed by § 5168 of the Compiled Laws for 1913 upon holders of bank stock, where the bank did not suspend until after the statutory period had elapsed, and it is *held* that the claim for superadded liability is not barred though not presented within the time specified in the notice for filing claims against the estate.

Opinion filed October 22, 1925.

Banks and Banking, 7 C. J. § 74 p. 507 n. 5; § 97 p. 515 n. 1; § 110 p. 518 n. 33. Executors and Administrators, 24 C. J. § 958 p. 336 n. 90.

Appeal from the District Court of Burleigh County, *Cooley, J.* Affirmed.

*E. E. Fletcher,* for appellant.

"A contingent claim has been defined as one where the liability depends upon some future event which may or may not happen, and which makes it wholly uncertain whether there ever will be a liability." 11 R. C. L. p. 205; South Milwaukee Co. v. Murphy (Wis.) 88 N. W. 583.

*Conmy, Young & Burnett,* for respondent.

"Where the statute imposes an individual liability for corporate debts upon stockholders, not as punishment for doing an act prohibited, or for omitting to do an act commanded, but merely for the purpose of doing away with the common-law exemption of stockholders from individual liability, in whole or in part, and affording additional security to creditors of the corporation, the liability thereby imposed is not penal but contractual in its nature." 6 Fletcher, Cyc. Corp. ¶ 4167.

"If the individual liability of stockholders for corporate debts is contractual in its nature, it will survive the death of a stockholder and may be enforced against his estate . . . and this is true although the executor or administrator never had actual physical possession of the stock and though it has never been registered in his name on the books of the corporation." 6 Fletcher Cyc. Corp. ¶ 4195.

The estate of a deceased stockholder is liable on stock held and owned

by him to the same extent that he was liable in his lifetime. Douglas v. Lofthus (Kan.) 119 Pac. 74, Ann. Cas. 1913A, 378.

An executor or administrator of the estate of a deceased stockholder is chargeable upon the shares of the decedent to the extent of the property that comes into his hands as the personal representative of the deceased, he not having been discharged. 1 Cook, Corp. 8th ed. ¶ 248.

BIRDZELL, J. This is an appeal from a judgment against the defendant as executor of the last will and testament of James Balfour, deceased. The appeal presents the single question as to whether or not an estate of a deceased person who had been a shareholder in a state bank may be held liable, through the executor, for an assessment on account of a superadded statutory liability where the bank fails after the death of the shareholder and where the claim was not filed or allowed in probate court. The deceased died in March, 1922. The will was filed for probate in Grand Forks county, and at the time the liability was assessed the stock in question had not been distributed and the estate had not been closed. The time for filing claims in the estate pursuant to notice to creditors expired in March, 1923. The Clyde State Bank, in which the deceased held fifteen shares of the par value of $1,500, closed January 30, 1924. On February 15, 1924, the district court in charge of the receivership entered an assessment order assessing the full amount of the statutory liability. The claim for this liability was presented to the executor on May 1, 1924.

We do not understand that there is any serious contention that the estate of the deceased shareholder is not liable to assessment under § 5168 of the Compiled Laws for 1913, which provides for the superadded liability, but it is contended that the claim is barred by reason of the provisions of § 8736 of the Compiled Laws for 1913. In so far as material, that section reads as follows:

"If a claim arising upon a contract heretofore made be not presented within the time limited in the notice, it is barred forever, except as follows: If it be not then due, or if it be contingent, it may be presented within one month after it becomes due or absolute, . . . All claims arising upon contract hereafter made, whether the same be due, not due or contingent, must be presented within the time limited in the notice; and any claim not so presented is barred forever."

The liability of the shareholder is "for all contracts, debts and engagements of such association made or entered into to the extent of the amount of his stock therein at the par value thereof, in addition to the amount invested in and due on such shares." Comp. Laws, 1913, § 5168. Is the liability prescribed by this section a claim which is barred if not presented within the time limited by § 8736, supra?

It is first to be observed that the limitations are not absolute—exceptions being made where the claimant had no notice by reason of being out of the state. It is further to be observed that the bar operates against the specific claim and that the statute seems to presuppose the existence of a legal person capable of presenting the claim, whether or not it be due or whether or not it be contingent. The statute does not seem to contemplate a situation where, owing to the nature of the liability, there is no person in existence capable of presenting the claim. The liability imposed by § 5168 is secondary rather than primary; that is, the corporation itself is an entity, separate and apart from its members, and the stockholder and the corporation are not made jointly or jointly and severally liable for the debts of the corporation. The debts for which the stockholder is to be held answerable are the debts of the corporation. Obviously, the plaintiff seeking to maintain a separate action against the stockholder would have to allege something more than the mere existence of the corporate debt in order to predicate a liability under the statute. For the purpose of applying the ordinary statute of limitations to the action brought to enforce the added liability of stockholders under statutes similar to that involved here, the action is generally held to arise upon the insolvency of the bank rather than upon the breach of the particular obligation of the bank for which the stockholder is declared to be answerable. See Bennett v. Thorne, 36 Wash. 253, 68 L.R.A. 113, 78 Pac. 936 and the numerous cases cited in the opinion on page 940; 1 Michie, Banks & Banking, 226. This court has held that under chapter 53 of the Laws of 1915 the liability imposed by § 5168, Comp. Laws, 1913, may be enforced in an action by the receiver. Davis v. Johnson, 41 N. D. 85, 170 N. W. 520. Aside from such a statute as chapter 53, supra, it is open to serious question whether or not a receiver could enforce this liability at all, since it is not regarded as an asset. Davis v. Johnson, supra; 31 L.R.A.(N.S.) 365, note. From these observations, then, it would

seem that to adopt the appellant's construction of the statute in the probate code barring claims for failure to present them within the required time (Comp. Laws, 1913, § 8736), as applied to such a claim as that involved here, would be equivalent to holding that a claim is barred though there was no legal person in existence capable of presenting it during the prescribed period. For during the whole of that period the bank was in operation, in charge of its own officers and presumptively, and perhaps actually, solvent; hence, there was no receiver to enforce the claim. Not being in the full sense of the term an asset, it could not have been enforced by the officers of the bank. Though it might have been enforced by a creditor, Union Nat. Bank v. Halley, 19 S. D. 474, 104 N. W. 213; 1 Michie, Banks & Banking, 218, the liability would have had to be predicated upon the prior commission by the bank of an act of insolvency. In other words, while the bank is a going institution a depositor or other creditor is in no position to present a contingent claim to the probate court in case of the death of a stockholder, and even the suggestion that he might have done so borders on absurdity. Yet, under the appellant's contention, this would be the only means of preventing the bar of the statute from applying in case the bank should continue open and apparently solvent for the period prescribed by the probate code for filing claims.

Furthermore, as is frequently suggested, the purpose of a nonclaim statute, such as § 8736 of the Probate Code, is to compel *claimants* to present their claims within a period that would enable the probate court and those charged with the administration of the estate to make suitable arrangements for discharging the obligations owing or which may become owing. Without expressing any opinion as to the duty of creditors or a receiver, where a bank might suspend before the expiration of the regular period for filing claims, it would seem that every purpose of the statute is served, with respect to claims of the character involved here, when the court and the executor or administrator are apprised through the inventory or. otherwise that the deceased was a stockholder in a bank and as such subject, contingently, to assessment or liability under the statute. Ratio legis est anima legis.

For the foregoing reasons we are of the opinion that the remedy of the receiver against the estate of the defendant was not barred by § 8736, Comp. Laws, 1913, and that the judgment appealed from is cor-

rect. Among the authorities tending to support our conclusions will be found the following: Mortimer v. Potter, 213 Ill. 178, 72 N. E. 817; Re Martin, 56 Minn. 420, 57 N. W. 1065; Springhorn v. Dirks, 72 Mont. 121, 231 Pac. 912; Barton Nat. Bank v. Atkins, 72 Vt. 33, 47 Atl. 176; Gianella v. Bigelow, 96 Wis. 185, 71 N. W. 111.

The judgment is affirmed.

CHRISTIANSON, Ch. J., and BURKE, JOHNSON, and NUESSLE, JJ., concur.