HIRNING, State Superintendent of Banks, et al, Appellants,
v. KIURLE, Respondent.

(223 N. W. 212.)

(File No. 5712. Opinion filed January 26, 1929.)

*A. L. Beardsley,* of Ipswich, and *Williamson, Williamson & Smith,* of Aberdeen, for Appellants.

*W. H. Woodworth* and *Campbell & Fletcher,* of Aberdeen, for Respondent.

CAMPBELL, J. Jacob Kurle died intestate January 21, 1921, owning 30 shares of capital stock of the Bank of Bowdle of the par value of $3,000. February 23, 1921, the three heirs at law of the decedent undertook to assign and transfer the certificate representing said 30 shares of bank stock to one Baumgardner. A few days later, apparently doubtful of the validity of such attempted transfer, defendant, W. R. Kurle, one of the three heirs at law of decedent intestate, petitioned the county court for an order to sell said bank stock, and the court ordered sale thereof upon 5 days' notice; wehereupon, on March 9, 1921, the administrator purported to sell, assign, and transfer said bank stock to one Gross, and on the same day Gross transferred the same to the above-mentioned Baumgardner, which transfers were approved by the bank.

Notice to the creditors of Jacob Kurle, deceased, was duly given by publication in connection with the administration of his estate; the first publication being made on March 3, 1921, and the time for filing claims "against the said deceased" being limited to six months from the date of said publication.

On June 8, 1921, plaintiff, superintendent of banks, took charge of said Bank of Bowdle and operated it as a going concern until February 21, 1922, when he closed it for liquidation. It was established at the trial that the Bank of Bowdle was in fact insolvent at all times subsequent to June 8, 1921, and that its liabilities exceeded its assets by approximately $70,000, being more than the total amount of its capital stock. After the closing of the bank, the superintendent of banks determined that the assets thereof were insufficient to pay its liabilities by an amount in excess of its total capital and proceeded to the enforcement of stockholders' liability. The Jacob Kurle estate has not been closed or finally distributed, and assets thereof are in the hands of the administrator.

The present proceeding was commenced by serving upon and filing with the administrator on March 28, 1922, a claim against said estate in the amount of $3,000, duly verified by plaintiff as superintendent of banks, and reciting as follows:

"Jacob Kurle was the owner of 30 shares of stock issued by the Bank of Bowdle, a corporation, located at Bowdle, South Dakota, and was the owner of such stock at the time of his death, which occurred about the 21st day of February, 1921, and that said shares of stock were assigned by the heirs and the administrator of said estate to R. C. Baumgardner the latter part of February, 1921, and a new certificate issued by said Bank of Bowdle to R. C. Baumgardner on or about February 28, 1921; that said R. C. Baumgardner is insolvent; that the Bank of Bowdle is insolvent; that said Bank of Bowdle was insolvent at the time of the death of the said Jacob Kurle; that said Bank of Bowdle was insolvent at the time of the assignment of said shares of stock to said R. C. Baumgardner; that the full extent of said insolvency has not as yet been ascertained, but it has been ascertained within the past thirty days that said insolvency exceeds an amount equal to the capital stock of said bank, and that a 100% assessment has been levied by the superintendent of banks on behalf of said bank against the stockholders of said bank; and that there is now due the Bank of Bowdle and the superintendent of banks of the state of South Dakota, for the benefit of said Bank of Bowdle, the sum of $3,000.00, and by virtue of said assessment made against said stock, and which liability existed at the time of the death of the said Jacob Kurle, and which liability existed at the time of the transfer of said stock to R. C. Baumgardner, but no assessment had been made until March, 1922, and the full amount of such statutory liability could not be ascertained until that time, and the superintendent of banks of the state of South Dakota *now files a claim against said Jacob Kurle's estate under said statutory liability for the sum of* $3000.00, no part of which has been paid, and that there are no offsets to same."

The county court rejected said claim, "for the reason that it appeared that the same was not presented within the time limited for the filing of claims." From such order plaintiff appealed to the circuit court, where the matter was tried de novo with a jury, and at the close of all the testimony both parties moved for a directed verdict, whereupon, by direction of the court, the jury returned a verdict for plaintiff for the full amount claimed. Thereafter defendant moved for judgment notwithstanding such verdict, which motion was granted by the court, who thereupon made find-

ings, conclusions, and judgment in favor of defendant, from which judgment and from the order denying his motion for new trial plaintiff appeals.

From the findings and conclusions it is apparent that the court's final decision in the matter was really based upon two propositions: First, that no proceeding was commenced to enforce the stockholders' liability until more than one year after the transfer of the stock; second, that the claim was not presented to the administrator within six months after the first publication of notice to creditors.

The first proposition above mentioned has been disposed of adversely to the contention of respondent and to the view of the trial judge by the decision of this court in Hirning v. Forsberg, 49 S. D. 46, 206 N. W. 471 (approved on this point in Hirning v. Sogn, 50 S. D. 553, 210 N. W. 988), and needs no further consideration at this time.

As to the second proposition, we are of the opinion that the claim in question was properly a claim against the estate of Jacob Kurle as contradistinguished from a claim against the decedent himself, and was not subject to the statute requiring claims against the decedent to be filed within six months after publication of notice to creditors. When Jacob Kurle died, his estate became the owner of the stock in question and became liable, just as any other owner, to the payment of statutory stockholder's liability if the same should accrue. The estate continued as such owner from the date of Kurle's death at least until the time of the first attempted transfer, and within a year thereafter the liability arose, and, the estate not having been distributed, and there being assets in the hands of the administrator is liable upon such stockholder's liability, regardless of any question as to liability of the decedent himself. The county court has jurisdiction to order the payment of debts due from the estate, whether they be due from the estate by virtue of having been due from the decedent in his lifetime and surviving, or by virtue of having originated against the estate as such after the death of the decedent, and the statute requiring publication of notice to creditors and the filing of claims within a given time thereafter applies only to claims which are collectable from the estate by virtue of having been claims against the decedent in his lifetime, and does not apply to a claim for stockholder's liability

arising against the estate 'as such by virtue of stock ownership. See Zimmerman v. Carpenter (C. C. S. D. 1898) 84 F. 747; Mortimer v. Potter (1904) 213 Ill. 178, 72 N. E. 817; Miller et al v. Katz (1909) 10 Cal. App. 576, 102 P. 946; In re Estate of Roberts (1919) 41 S. D. 331, 170 N. W. 580; Baird v. McMillan (1925) 53 N. D. 257, 205 N. W. 682, 41 A. L. R. 177.

These propositions are decisive of the case, and render it unnecessary to consider numerous other errors assigned.

The judgment and order appealed from are reversed and the cause is remanded, with directions to enter judgment for plaintiff appellant upon and pursuant to the verdict as originally directed.

SHERWOOD, P. J., and BURCH and BROWN, JJ., concur.

POLLEY, J., concurs in the result.