STATE ex rel. SHULL, Bank Com'r, v. McLAUGHLIN, Adm'r.

No. 22945. Opinion Filed April 12, 1932.

Rehearing Denied July 27, 1932.

Bierer & Bierer and C. L. Andrews, for plaintiff in error.

Rittenhouse, Webster & Rittenhouse and Emery A. Foster, for defendant in error.

HEFNER, J. This is an action brought in the district court of Lincoln county by the state of Oklahoma ex rel. C. G. Shull, Bank Commissioner, against Claude McLaughlin, administrator of the estate of J. A. Mc-

Laughlin, deceased, to recover the sum of $1,000, an assessment made by the Bank Commissioner against the stock of the deceased during his lifetime. Judgment was rendered in favor of defendant, on demurrer to the evidence, on the ground that plaintiff's cause of action was barred by limitation. The state has appealed and contends that the judgment is contrary to law.

The record shows that, on January 12, 1922, plaintiff filed an action to recover this liability against J. A. McLaughlin, in the district court of Lincoln county, and that personal service was duly had upon him. It further shows that defendant died in the year 1925, without any judgment having been rendered against him in that action; that the action has never been revived against his estate; that in the early part of the year 1928, Claude E. McLaughlin was by the county court appointed administrator of the estate of J. A. McLaughlin, deceased; that a claim was presented to him by the Bank Commissioner for the sum of $1,000, which was rejected; and that on March 21, 1928, this action was brought in the district court against the administrator to recover the amount claimed.

It is the contention of defendant that plaintiff's cause of action is barred because it failed to cause the same to be revived, as is provided by sections 828, 834, and 836, C. O. S. 1921. Under express provision of section 223, C. O. S. 1921, the action did not abate upon the death of McLaughlin, but might have been revived under the sections above referred to. The failure, however, of plaintiff to proceed to revive the action resulted in an abatement thereof. The mere fact that the action abated did not, in our opinion, operate to bar the same. The fact that the pending action abated by failure of plaintiff to revive it, did not operate to bar a new action, unless the same was then barred by some other statute of limitation.

In 1 R. C. L. 20, the following rule is announced:

"At common law every suit, whether founded on contract or tort, abated by the death of a sole plaintiff or sole defendant and could proceed no further. It absolutely perished. The suit was therefore incapable of revival though originally maintainable for or against the representative of the deceased; it being necessary in case the cause of action survived to bring a new suit. * * *"

In State ex rel. King v. Pearce (Ala.) 71 So. 656, the court said:

"At common law, whether the action was real or personal, the death of either party put an end to the suit; and, if the cause of action survived, a new suit might be brought, in the case of the death of the plaintiff, by his personal representative. 1 Cyc. 47, A. To avoid the necessity of allowing a suit to abate under such conditions, these statutes were enacted, providing a course of procedure for continuing the original suit to final judgment on the merits. Evans v. Welch, 63 Ala. 250. Otherwise stated, the right to revive and continue the original suit is statutory."

In Ellis v. Johnson, 4 Ky. Law, 991, it is said:

"The failure to revive an action within a year after the death of a party is only a bar to the further prosecution of the particular action, and not an absolute bar to the recovery."

Under these authorities, the mere failure to revive the action did not prevent the appointment of an administrator thereafter, and filing of a new action if payment of the claim were refused by him, unless the same was barred at the time the new action was filed. Plaintiff could not, of course, unnecessarily delay the appointment of an administrator and so prevent the statute from running. The mere death of the party will not prevent the running of the statute of limitation, where the appointment of an administrator is unnecessarily delayed. Glazier, Administrator, v. Heneybuss, 19 Okla. 316, 91 P. 872; and Bauserman v. Charlott (Kan.) 26 P. 1051.

The cause of action in the instant case was not barred when the new action was commenced against the administrator. State ex rel. v. Ware, 82 Okla. 130, 198 P. 859, announces the following rule:

"The statute of limitations does not run against the state in an action to enforce the statutory liability of the shareholder in an insolvent bank taken over by the State Bank Commissioner, together with its assets, for the purpose of realizing upon the same in the interest of the depositors of said bank. * * *"

The cause of action was not barred at the time the new action was filed, and the court erred in sustaining a demurrer to the evidence. The judgment is reversed and the cause remanded for a new trial.

LESTER, C. J., and CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., and RILEY, J., absent. ANDREWS, J., disqualified.

Note.—See under (1) 1 R. C. L. 23, 24.