**McLAUGHLIN, Adm'r, v. STATE ex rel. BARNETT, Bank Com'r.**

No. 26422. Nov. 19, 1935.

Rehearing Denied Dec. 10, 1935.

Emery A. Foster, for p'aintiff in error.

Bierer & Bierer and Clyde L. Andrews, for defendant in error.

PHELPS, J. The Bank of Commerce of Okmu'gee failed and was taken over by the Bank Commissioner. It was alleged that J. A. McLaughlin was the owner of ten shares of the bank's stock of the par value of $1,000, and suit was brought in the district court of Lincoln county by the Bank Commissioner against Claude Everett McLaughlin, as administrator of the estate of J. A. McLaughlin, to enforce the so-called double liability under the provisions of our statute.

The trial court sustained defendant's demurrer to plaintiff's evidence upon the ground that the action was barred by limitation. Appeal was taken to this court and the judgment of the trial court was reversed and the cause sent back for a new trial. State ex rel. Shull v. McLaughlin, 159 Okla. 4, 12 P. (2d) 1106.

The case was retried before the court without a jury and at the c'ose of plaintiff's evidence defendant again demurred, which demurrer was overruled. Defendant elected to stand upon said demurrer and judgment was rendered in favor of plaintiff, and defendant appeals.

It is first contended by plaintiff in error that the trial court committed error in refusing to grant defendant's request for a trial by jury. It is contended by defendant in error, and this contention was upheld by the trial court, that a trial by jury had been waived by both parties.

There is no question but that in the original trial a trial by jury was expressly waived. When that case was sent back for a new trial the mandate was spread of record in a journal entry signed by the trial judge, which recites that:

"This cause is set for new trial before the court, the jury having been waived, for December 23, 1932."

The parties then stipulated:

"That this cause shall proceed in the new trial where it was terminated by said erroneous ruling of the court in sustaining the demurrer, and said demurrer shall be overruled, and on the retrial, the original case-made, containing plaintiff's evidence offered, objections thereto and rulings thereon, and exceptions taken and saved upon the former trial, with supplement thereto. * * *"

This stipulation was set aside as to Mr. Foster, who signed the stipulation as attorney for plaintiff in error. However, during the hearing, wherein it was sought to set aside this stipulation, Mr. Foster announced in open court:

"If your Honor wants to try it during your term, I am willing to set it down and waive a jury and try it to your Honor"

—whereupon the trial judge made the following order:

"This case will be set for Tuesday, December 18, at which time we will come here and try it, or I will enter a default."

In the face of the foregoing order, when the case was called for trial on December 18th, counsel for defendant, plaintiff in error here, demanded a jury trial, which demand was overruled by the court, and counsel for plaintiff in error insists that such refusal was error and for that reason the judgment shou'd be reversed. Section 373, O. S. 1931, provides that:

"The trial by jury may be waived by the parties, in action arising on contract, and with the assent of the court in other actions, in the following manner: By the consent of the party appearing, when the other party fails to appear at the trial by himself or attorney. By written consent, in person or by attorney, fi'ed with the clerk. By oral consent, in open court, entered on the journal."

In Landrum v. Landrum, 50 Okla. 746, 151 P. 479, in the body of the opinion, in discussing the question before us, we said:

"The waiver of jury need not, however, be by written stipulation, and as a matter of fact is rarely ever done in that manner. The parties usual'y express themselves on the subject in open court when the case is called, and the court sets the case down for trial,

either with or without a jury, in accordance with such announcements. While in this case the record does not show that the counsel for either party expressly announced a waiver of jury, yet the court evidently understood that they both desired to waive a jury, and so stated to them both in open court, and they could not have failed to understand that he intended to try the case on its merits."

Upon examination of the record in this case we have reached the conclusion that there was a sufficient compliance with the statute governing the waiving of a jury to justify the action of the trial court in denying defendant's request for a jury trial when the case was called for trial on December 18, 1934.

Plaintiff in error contends that the court erred in overruling his demurrer to plaintiff's evidence. In support of this contention he insists that there was no competent evidence introduced by plaintiff to prove that J. A. McLaughlin was a stockholder in the bank at the time it became insolvent. A careful examination of the record shows this contention to be without merit. When the bank was taken over by the Bank Commissioner, that officer took charge of the books and records of the bank. This consisted of the stock book, the stubs in which showed the stock had been issued to J. A. McLaughlin, the list of stockholders showed him to be the holder of ten shares of stock, the records showed that he had been paid regular dividends on the stock, and with this evidence undisputed on the part of defendant and by the demurrer its truthfulness admitted, we cannot reach any other conclusion than that the trial court properly overruled the demurrer. The judgment of the trial court is therefore affirmed.

McNEILL, C. J., and BAYLESS, WELCH, and CORN, JJ., concur.