**RICHISON, Adm'x, v. STATE ex rel. BARNETT, Bank Com'r.**

No. 24339. March 10, 1936.

Rehearing Denied April 21, 1936.

E. O. Clark, for plaintiff in error.

W. G. Stigler and M. B. Cope, for defendant in error.

OSBORN, V. C. J. This action was instituted in the district court of Haskell county in the name of the state of Oklahoma on relation of Bank Commissioner, as plaintiff, against Gertrude Richison, administratrix of the estate of M. Van Matre, deceased, wherein it was sought to recover the sum of $9,750 on decedent's alleged stockholder's liability represented by 97½ shares of stock alleged to have been held by decedent in the First State Bank of Keota, Okla., which bank was adjudicated insolvent on February 21, 1927. Issues were joined and the cause proceeded to trial before a jury. Plaintiff introduced its evidence and rested. Defendant offered no evidence, and plaintiff moved for a directed verdict, which motion was sustained by the trial court and the jury was directed to return a verdict in favor of plaintiff in the sum of $9,750. From a judgment on said verdict, defendant appeals. The parties will be hereinafter referred to as they appeared in the trial court.

Defendant's testator, M. Van Matre, died January 8, 1926. On February 3, 1926, defendant was appointed and qualified as administratrix of his estate, and on the same day issued, posted, and published notice to creditors to present claims. The State Bank of Keota was adjudicated insolvent on February 21, 1927. On March 7, 1927, and on March 16, 1927, a claim for $9,750 was filed by plaintiff with defendant against testator's estate for alleged stockholder's liability on 97½ shares of stock in the insolvent bank. Defendant took no action on the claim until June 9, 1927, at which time it was marked "disallowed" by her. Plaintiff filed suit on July 23, 1927.

Defendant, by way of answer, alleges as one ground of defense the failure of plaintiff to comply with section 1233, O. S. 1931, relating to the filing of claims. The latter portion of said section provides that all claims arising on contracts hereafter made, whether the same be due, not due or contingent, must be presented within the 4 months' period limited in the notice to creditors, and any claim not so presented is barred forever.

It does not appear that this court has heretofore construed this statute in connection with a set of facts similar to the facts involved herein. The above statute was adopted from North Dakota, and it appears that the identical question was determined by the Supreme Court of that state in the case of Baird v. McMillan, 53 N. D. 257, 205 N. W. 682, 41 A. L. R. 177. In that case the facts were that one James Balfour, who was a stockholder in a certain bank, died testate in March, 1922. The time for filing claims expired in March, 1923. The bank closed January 30, 1924. On February 15, 1924, an order was made assessing the full amount of the statutory liability.

A claim was presented to the executor of the will on May 1, 1924. The court directed attention to section 8736, Comp. Laws 1913, the language of said statute being practically identical with the language used in our own statute (1233, O. S. 1931), and in connection therewith said:

"It is first to be observed that the limitations are not absolute; exceptions being made where the claimant had no notice by reason of being out of the state. It is further to be observed that the bar operates against the specific claim, and that the statute seems to presuppose the existence of a legal person capable of presenting the claim, whether or not it be due, or whether or not it be contingent. The statute does not seem to contemplate a situation where, owing to the nature of the liability, there is no person in existence capable of presenting the claim. * * *

"From these observations, then, it would seem that to adopt the appellant's construction of the statute in the Probate Code barring claims for failure to present them within the required time (Comp. Laws 1913, § 8736), as applied to such a claim as that involved here, would be equivalent to holding that a claim is barred, though there was no legal person in existence capable of presenting it during the prescribed period, for during the whole of that period the bank was in operation, in charge of its own officers, and presumptively, and perhaps actually, solvent; hence there was no receiver to enforce the claim. Not being in the full sense of the term an asset, it could not have been enforced by the officers of the bank. Though it might have been enforced by a creditor (Union Nat. Bank v. Halley, 19 S. D. 474, 104 N. W. 213; 1 Michie, Banks & Bkg. 218), the liability would have had to be predicated upon the prior commission by the bank of an act of insolvency. In other words, while the bank is a going institution, a depositor or other creditor is in no position to present a contingent claim to the probate court in case of the death of a stockholder, and even the suggestion that he might have done so borders on absurdity. Yet under the appellant's contention this would be the only means of preventing the bar of the statute from applying in case the bank should continue open and apparently solvent for the period prescribed by the Probate Code for filing claims. * * *

"For the foregoing reasons we are of the opinion that the remedy of the receiver against the estate of the defendant was not barred by sec. 8736, Comp. Laws 1913, and that the judgment appealed from is correct. Among the authorities tending to support our conclusion will be found the following: Mortimer v. Potter, 213 Ill. 178, 72 N. E. 817; National German-American Bank v. Tapley, 56 Minn. 420, 57 N. W. 1065; Springhorn v. Dirks (Mont.) 231 P. 912; Barton Nat. Bank v. Atkins, 72 Vt. 33, 47 A. 176; Gianella v. Bigelow, 96 Wis. 185, 71 N. W. 111."

In the case of Andrew v. First Trust & Savings Bank of Ida Grove (Iowa) 260 N. W. 849, it is said:

"This court has definitely held that a claim for an assessment on bank stock in a national bank against the administrator of the estate of the deceased owner may be maintained, although no claim was filed for such assessment during the year provided by statute for filing claims against the estate of a deceased person, where the right to the assessment did not arise until after decedent's death. Wickham v. Hull, 102 Iowa, 469, 71 N. W. 352. This holding was not based upon the provisions of the federal statute making administrators and executors of the estates of deceased stockholders liable for the assessment, but was based upon the proposition that the statute requiring the filing of claims within a specified time had application only to claims existing at the time of the decedent's death, and did not apply to a claim for an assessment on bank stock where the necessity for such assessment arose after his death. It is possible that this reasoning has lost some of its force, since this court has held that an obligation for the payment of an assessment on bank stock arises when the stock is acquired. Smith v. Andrew, 209 Iowa, 99, 227 N. W. 587. But there is an additional and perhaps a sounder reason on which the rule rests, and that is, that the statute imposing the limitation of time for filing claims contemplates a claimant capable of asserting the claim. Baird v. McMillan, 53 N. D. 257, 205 N. W. 682, 41 A. L. R. 177.

"But whatever the reason for the rule, it now seems to be well settled in this state, as in most states, that claims of that character may be enforced against the estate of a deceased person, even though the time for filing claims has expired and the estate closed and the assets of the estate have passed into the possession of the heirs or distributees."

In the case of Mitchell v. Banking Corporation of Montana (Mont.) 22 P. (2d) 175, it is said:

"If the claim does not arise until after the time has expired for presenting claims, none need be presented. Zimmerman v. Carpenter (C. C.) 84 Fed. 747; Ebert v. Whitney, 170 Minn. 102, 212 N. W. 29, 51 A. L. R. 771; In re MacDonald's Estate, 29 Wash. 422, 69 P. 1111; Farmers' State Bank of Kingman v. Callahan, 123 Kan. 638, 256 P. 961.

"And if the claim does not arise until after the death of the stockholder, no claim

need be presented to the executor or administrator. Tierney v. Shakespeare, 34 N. M. 501, 284 P. 1019; Hirning v. Kurle, 54 S. D. 334, 223 N. W. 212; Drain v. Stough (C. C. A.) 61 F. (2d) 668; Baird v. McMillan, 53 N. D. 257, 205 N. W. 682; 41 A. L. R. 177; Miller v. Katz, 10 Cal. App. 576, 102 P. 946."

An examination of the authorities from the various jurisdictions discloses that by the overwhelming weight thereof a super-added liability imposed by statute upon stockholders in an insolvent bank may be enforced as a claim against the estate of a deceased stockholder, and where the bank became insolvent subsequent to the expiration of the prescribed statutory period for presenting claims against the estate, such claim is not barred. Various theories in support of this view have been adopted in other states. Due to the peculiar provisions of our own statute of nonclaim (sec. 1233, O. S. 1931) it would serve no useful purpose to discuss these various theories. A number of the cases are collected in the following notes: Ann. Cas. 1913A, 384; L. R. A. 1916A, 1185; 41 A. L. R. 180; 79 A. L. R. 1537.

It is next urged by defendant that the claim is barred on account of the failure of plaintiff to bring suit thereon within three months after the date of its rejection under the provisions of section 1239, O. S. 1931.

The claim was presented to the administratrix on March 16, 1927. She took no action thereon until June 9, 1927, at which time it was marked "disallowed." This action was instituted July 23, 1927. The defendant refers to section 1237, O. S. 1931, which provides that "if the executor or administrator or the judge refuse or neglect to endorse such allowance or rejection for ten days after the claim has been presented to him, such refusal or neglect is equivalent to a rejection on the 10th day." It is argued that the three months' period for filing suit began to run on March 26, 1926. Section 1239, supra, is treated by both parties to this action as a statute of limitations. In the case of State ex rel. v. McLaughlin, 159 Okla. 4, 12 P. (2d) 1106, it is said:

"The statute of limitations does not run against the state in an action to enforce the statutory liability of the shareholder in an insolvent bank taken over by the State Bank Commissioner, together with its assets, for the purpose of realizing upon the same in the interest of the depositors of said bank."

See, also, State v. Ware, 82 Okla. 130,

198 P. 859. In the case of Lever v. State, 157 Okla. 162, 11 P. (2d) 498, it was held that the statute does not run against the state in an action on a promissory note held by the State Bank Commissioner as assets of an insolvent bank. To the same effect see the following cases: White v. State, 94 Okla. 7, 220 P. 624; State v. Smith, 77 Okla. 277, 188 P. 96; Lovett v. Lankford, 47 Okla. 12, 145 P. 767; State v. Cockrell, 27 Okla. 630, 112 P. 1000. It is argued by defendant that these cases are not applicable for the reason that when the rule was promulgated the Depositors' Guaranty Fund Law was in effect, and since the repeal of said law there is no reason for the further application of the rule. We do not think the distinction suggested by defendant is sufficient to justify a departure from the rule so well established and consistently followed by this court.

Under the provisions of article 6, chapter 40, O. S. 1931 (sec. 9168 et seq.), the state has assumed exclusive jurisdiction and control of the affairs of insolvent banking institutions. By operation of law the Bank Commissioner is the officer through which the state liquidates the assets and winds up the affairs of such institutions. While engaged in the performance of such statutory duties and functions the Bank Commissioner is performing duties for the benefit of certain members of the public who were depositors in such institution.

"The rule is as old as the law itself that no time runs against the state. The ground on which this doctrine rests is the great principle of public policy that the public interests shall not be prejudiced by the negligence of public officers to whose care they are confined." White v. State, 50 Okla. 97, 150 P. 716.

It is further contended by defendant that the trial court erred in admitting as evidence the books and records of the corporation for the purpose of showing that her testator was a stockholder in the defunct bank. In this connection, over the objection of defendant, the court admitted in evidence the stock certificate book of the bank, which showed the following issues of stock to the testator: Certificate No. 58 for two and one-half shares, dated February 16, 1917; certificate No. 77 for five shares, dated March 22, 1920; certificate No. 83 for 90 shares, dated July 8, 1924. The court also admitted in evidence the minute record which reflected the minutes of the meetings of the board of directors and of the stock-

holder's from the date of January 13, 1920, to March 31, 1926. The records show that for most of this period of time the testator was a member of the board of directors and president of the bank and as such presided at the meetings of the directors and stockholders and signed the minutes of said meetings. The record shows that on January 13, 1925, a stockholders' meeting was held and the minutes thereof disclose that testator acted as chairman of the meeting and signed the minutes thereof. Said minutes disclose that testator participated therein as the owner of 97½ shares of stock. Evidence was introduced to the effect that the signature of the testator appearing in the minute book was genuine. No evidence was offered by defendant. Neither the facts as reflected by the records of the bank nor the authenticity of testator's signature on the minute records were controverted or denied. We have examined the cases relied upon by defendant to establish the inadmissibility of the bank records and find that they are not in point. In the instant case it is established that certain records relied upon were made by the testator. He, in effect, certified in the minutes that he was the owner of 97½ shares of stock. Under the provisions of section 9761, O. S. 1931, directors of corporations for profit must be holders of stock. In the case of Porter v. State, 122 Okla. 226, 253 P. 985, it is said:

"Where a person who has knowingly permitted his name to appear upon the bank records as the unconditional owner of stock of the bank for a long period of time, and such person is elected director of the bank in which said stock is held, and, as a director thereof, participates in the affairs of the bank, such person will not be permitted to make a defense that he was not the owner of said stock, in an action against him by the Bank Commissioner for the recovery of an equal amount to the par value of the stock, as provided by statute, where the bank has become insolvent."

See, also, McLaughlin v. State, 175 Okla. 236, 51 P. (2d) 953.

Various other assignments of error have been examined and are without merit. The trial court did not err in sustaining a motion for a directed verdict.

The judgment of the trial court is affirmed.

McNEILL, C. J., and RILEY, BAYLESS, BUSBY, CORN, and GIBSON, JJ., concur. WELCH and PHELPS, JJ., absent.