SAVERY v. SYPHER.

1. **Administrator:** WHEN INDEBTED TO THE ESTATE. When one indebted to an estate is appointed administrator, the amount of his indebtedness becomes assets of the estate in his hands, and goes to its use.

2. **Judgment:** ESTOPPEL. When a judgment is rendered by agreement of the parties, and it is further agreed between them that the mortgaged property shall be bid off in full satisfaction of the judgment, and, relying upon the agreement, the debtor fails to interpose certain available set-offs, and after judgment the creditor refuses to take the property in satisfaction of the judgment, the debtor is not estopped by the judgment from recovering the amount of the set-off in another action.

3. **Administrator:** WHEN CLAIMS AGAINST TO BE FILED. Section 2405, of the Revision, applies only to claims existing at the time of the decedent's death, and not to debts subsequently incurred by the estate.

4. **Statute of Limitations:** COUNTER-CLAIM. It was agreed in a foreclosure proceeding, that the mortgaged property should be taken at the sale in full satisfaction of the judgment, and accordingly the debtor failed to claim for certain payments he had made: *Held*, that the statute of limitations would not run against the counter-claim, until after the repudiation of the agreement.

5. **Verdict:** FINDING OF COURT. In an action at law, a finding of fact by the court stands as the verdict of the jury.

*Appeal from Polk Circuit Court.*

TUESDAY, OCTOBER 20.

THE petition was filed on the 9th day of November, 1869. Plaintiff alleges that about the 11th day of June, 1856, and the 19th day of August, 1857, he executed to S. Y. Keene, defendant's testator, two promissory notes, respectively for the sum of eighteen hundred dollars, and forty-seven hundred dollars, and to secure the payment thereof he executed a mortgage on certain real estate therein mentioned. That Keene departed this life and defendant was appointed, and still is, administratrix of the estate, and that the business of the estate is still, unsettled. That on the 3d day of February, 1858, plaintiff paid to defendant upon said notes the sum of $105.

That on the 23d day of March, 1858, plaintiff, at the request of defendant, paid to one D. W. Brown, an attorney acting for the defendant, on behalf of said estate the sum of $200. That about the 20th day of April, 1858, at the request of said defendant, and for the benefit of the estate of S. Y. Keene, deceased, plaintiff paid Thos. F. Withrow and John A. Kasson the sum of $100. That none of these sums have been repaid by defendant, or allowed out of the estate of said decedent.

That about the 29th day of January, 1862, said administratrix commenced her action to collect said notes, and foreclose said mortgage. That before the trial of said cause plaintiff and defendant entered into a compromise whereby it was agreed on the part of this plaintiff that judgment should be entered against him on said notes, and a decree of foreclosure entered upon said mortgage; the defendant stipulating, in consideration of such consent, together with the sum of $300 when paid by this plaintiff, and his agreement to pay the costs of the action, and the fees of defendant's attorney in said action, that the property mentioned in said mortgage, not theretofore and since the execution of said mortgage sold by plaintiff, should sell for enough to satisfy said judgment, and the sheriff's deed therefor should be taken in full satisfaction and cancellation of the judgment. That plaintiff paid the said sum of three hundred dollars, the attorney's fees and costs. That on the 21st day of May, 1863, judgment for the whole amount of said notes, less a payment, February 23, 1860, of one hundred dollars, was rendered against plaintiff in the Circuit Court of the United States for the District of Iowa, and said mortgage was foreclosed.

That about the 3d day of October, 1863, said property was sold and bid in in the name of the defendant for the amount of the judgment. That thereafter, without fault of plaintiff, defendant repudiated her stipulation, and upon her motion the sale was set aside.

That plaintiff, relying on the stipulation aforesaid neglected to interpose the first three of the above named payments as an offset to the claim upon said notes and mortgage. That said judgment has been finally paid within the last few days, and

that until the same was finally paid plaintiff believed that said payments would be allowed as part satisfaction of said judgment.

Plaintiff prays judgment for all of the above sums, with interest from the time of payment at six per cent.

The defendant denies the making of the agreement set out in the petition; denies the payments claimed; alleges that she was not appointed administratrix until February 18, 1860; that plaintiff's claim is barred by the statute of limitations, and that the several items and claims of the plaintiff were adjusted and adjudicated in the foreclosure suit.

The cause was tried by the court, and judgment was rendered for plaintiff for seven hundred and seventy-four and 60-100 dollars, on the first three claims in the petition, and for defendant on the remaining claims. Both parties appeal.

*Gatch, Wright & Runnells*, for plaintiff.

*L. Ruttkay* with *Phillips & Phillips*, for defendant.

DAY. J.—I. The evidence shows that Hezekiah Fagan was appointed administrator of the estate of S. Y. Keene, deceased, on the 16th of February, 1858; that Thomas F. Withrow was appointed administrator of said estate, in conjunction with Fagan, April 6th, 1858; that Withrow and Fagan resigned February 18th, 1860, and defendant was appointed administratrix. All the payments, on account of which plaintiff recovered, were made before defendant was appointed administratrix. The first question which arises is, were the several payments by Savery made for the use of the estate in such manner that the estate is bound thereby? It quite satisfactorily, we think, appears from the evidence that Savery paid the three several sums upon which he recovered, amounting to $405.00, on account of the notes and mortgage in question, partly to the defendant in person, and partly by her direction to other persons. The evidence shows that the part of said sum paid to other parties was paid to the use and for the benefit of the estate. As to the part paid defendant in person, she either

applied it to the use of the estate, or was indebted to the estate in that sum, at the time of her appointment as administratrix. If she was so indebted, the amount of the debt became assets in her hands, and so went to the use of the estate. See *Winship v. Bass et al.*, 12 Mass., 198; *Bigelow v. Bigelow*, 4 Ohio, 147; *Collards, Adm., v. Donaldson*, 17 Ohio, 266. It may fairly be found, upon the whole record, that the several sums paid went to the use of the estate, and that the estate is liable therefor to plaintiff, unless some legal objection stands in the way of his recovery.

*1. ADMINISTRATOR: when indebted to the estate.*

II. The question which next presents itself is, is Savery concluded, by the judgment upon the notes and the decree of foreclosure, from having his claim against the estate allowed? It appears that Savery appeared by attorney in the foreclosure suit and filed an answer setting up certain defenses, and that he made no claim of set off on account of these payments. It appears further, that the case was never tried upon the issues presented. The judgment was the result of a settlement or compromise. It was agreed between plaintiff and the attorney of defendant, and we think, with the knowledge, assent and concurrence of defendant, in consideration of certain undertakings of plaintiff, that the mortgaged property should be bid off in full satisfaction of whatever judgment might be rendered. This arrangement seems to have been entered into upon the part of plaintiff in entire good faith, so far as the evidence discloses. If the judgment, whether small or large, was to be satisfied by the sale of particular property, it became a matter of indifference whether the judgment was entered for the face of the note and interest, or for that sum less the payments made. The evidence shows that plaintiff relied upon this agreement, and that, because of it, he neglected to insist upon a reduction of the judgment on account of payment. He might have amended his answer at any time before trial, and claimed the benefit of these payments, and, from the testimony, we are bound to conclude that but for this agreement he would have done so. After the judgment, and the satisfaction of it by the sale of

*2. JUDGMENT: estoppel.*

mortgaged property, defendant repudiated the agreement, and caused the sale to be set aside. It was this act which placed plaintiff in a condition to sustain injury from the failure·to have the ·payments· allowed as credits. If defendant had adhered to her agreement, the amount of the judgment would have been no prejudice to plaintiff. As plaintiff failed to interpose offsets, which would have availed to reduce the judg-. ment, through reliance upon defendant's agreements, which she has since repudiated to his prejudice, the record in that case should not estop plaintiff from insisting upon those offsets now. If he should be so estopped the defendant would, be enabled to perpetrate a fraud. *Doyle v. Reilly*, 18 Iowa, 108, is not inconsistent with these views.

III. Is plaintiff's claim barred by section 2405, Revision of 1860? This section provides that all claims of the fourth-

3. ADMINIS-TRATOR: when claims to be filed.

class, not filed and proved within one year and a half of the giving of notice by the executors of their appointment, shall be forever barred, unless the claim is pending in the District or Supreme Court, or unless peculiar circumstances entitle the claimant to equitable relief. These claims did not exist against the estate at the time of the decedent's death. They arose afterward because of payments made on account of a debt which plaintiff owed the estate, payments made, it is true, not to one legally entitled to receive them, but which were applied to the use and benefit of the estate. Suppose defendant, at the time of making these. payments, had been the administratrix of the estate, and that, from any cause, the payments had not been credited upon the notes, and through fraud, accident or mistake, a judgment for the whole amount had been recovered against the plaintiff, and that there was no impediment in the way of his recovery except this section. Would any one insist that plaintiff could not recover because the claim had not been filed and proved within eighteen months? Is it not apparent that in such case the claim of plaintiff would be a mere right to insist upon the allowance of a credit, and that it would in no sense come within the provisions of section 2405? Such payment might be made more than eighteen months after the executor had

given notice, and in such case section 2405 could not apply. The illustration shows that this section referred to claims existing at the time of decedent's death, and cannot apply to matters arising afterward. This section does not bar the demand.

IV. It is claimed that plaintiff's demand is barred by the general statute of limitations. Revision, section 2740, subdivision 3, which requires the action to be brought within five years from the time it accrues. We have seen the several payments were made on account of a debt plaintiff owed the estate. This payment gave the plaintiff no right of action against the estate. It simply discharged a part of the debt, and was by the debt itself cancelled. If the payments were not credited on the notes, plaintiff acquired the right to insist that they should be allowed as offsets, whenever he should be sued on the notes. The statute of limitations does not run against a set-off or counter-claim. Revision, Sec. 2752. After the judgment upon the notes, and the decree of foreclosure, plaintiff could not sue on account of these payments. He had agreed that the judgment, whatever it might be, should be discharged by the sale of the mortgaged property. He could not have this judgment so discharged, and then maintain an action against defendant on account of matters which should have gone simply in diminution of the judgment. This would have operated as a fraud upon the defendant. It was not, then, until defendant repudiated the agreement, and discharged plaintiff from its observance, that the right of action accrued. This did not occur until the 13th of May, 1865. The action was commenced within five years of that time, to-wit: November 9th, 1869. It is not, therefore, barred by this statute.

V. We see no sufficient reason for disturbing the judgment of the court on the remaining portion of plaintiff's claim, which is for costs of the foreclosure suit and fees paid White, defendant's attorney. The evidence clearly shows that when the sale and satisfaction of judgment were set aside, the judgment was credited with the costs which plaintiff had paid. This fact plaintiff does not controvert. It also appears that

*4. STATUTE OF LIMITATIONS: counter-claim.*

the judgment was credited with the further sum of $400.00.

5. VERDICT: finding of the court. There was evidence to support the finding of the court that this included the attorney's fees; or at least as much thereof as defendant was properly chargeable with. There is some evidence that White agreed to perform the service rendered for $100.00. This action is at law, and the finding of the court upon a question of fact stands as the verdict of a jury.

The case is affirmed upon both appeals. The defendant will pay the costs of appeal.

AFFIRMED