A. W. WICKHAM, Receiver of THE FIRST NATIONAL BANK OF ELLSWORTH, KANSAS, v. NELSON HULL AND JOHN T. LIDDLE, Executors of the Estate of O. N. HULL, Deceased, Appellants.

LACHES. The delay of a receiver of a national bank for over eighteen months' after an assessment of the capital stock of the bank, under U. S Rev. Statutes, sections 5151, 5152, to enforce the same against the estate of a stockholder who died before the bank had been closed, does not bar a claim against the estate, founded upon a judgment recovered therein, although no reason is given for the delay, where the estate is solvent, and no prejudice has resulted from the delay.

Estates: FILING CLAIMS: *Limitations.* A claim against the executors arising under U. S. Rev. Statutes, sections 5151, 5152, by reason of the testator's ownership of stock in a national bank which was closed after his death is not within Code, section 2421, providing that all claims of the fourth class against decedent's estate shall be barred unless filed and approved within twelve months of the giving of notice of the appointment and qualification of the executors, as that section is limited to claims existing at the time of decedent's death.

*Appeal from Linn District Court.*—HON. W. P. WOLF, Judge.

WEDNESDAY, MAY 26, 1897.

ON May 21, 1894, the plaintiff filed a claim for approval against the estate of O. N. Hull, deceased. The claim, not being expressly admitted in writing, is to be considered as denied, without any pleading on behalf of the estate. Code, section 2410. The application was heard by the court, and an order made that the claim be allowed in favor of the plaintiff in the sum of

three thousand, seven hundred and thirty dollars and seventeen cents . The defendants appeal.—*Affirmed.*

*C. J. Deacon* for appellants.

*Rothrock & Grimm* for appellee.

GIVEN, J.—I.    The facts necessary to be noticed are these:   O. N. Hull died, testate, December 6, 1889.   His will was probated January 4, 1890.   The defendants were appointed and qualified as executors January 16, 1890, and notice thereof was duly published for three consecutive weeks, commencing January 19, 1890.   The estate is solvent and still in process of settlement.   On the twenty-sixth of January, 1891, the First National Bank, of Ellsworth, Kan., suspended business; and on the eleventh day of February, 1891, Mr. Wickham was appointed receiver of said bank by the comptroller of the currency.   On the eleventh day of December, 1891, said comptroller made an assessment of seventy-six per cent. upon the capital stock of said bank, and authorized the receiver to enforce the payment of such assessment against the stockholders of the bank.   On June 12, 1893, the plaintiff brought an action against these defendants, as executors in the circuit court of the United States northern district of Iowa, Cedar Rapids division, to charge said estate, under the statutes of the United States, with said assessment upon shares of the capital stock of said bank owned and held by said deceased at his death, and then owned by said executors as such. These defendants appeared, and defended against said action; and on the tenth day of May, 1894, upon a final hearing, judgment was rendered in said action in favor of the plaintiff for three thousand, four hundred and sixty-five dollars and sixty cents, and for fifty-five dollars and twenty-one cents, costs.   See *Wickham v. Hull,*

.60 Fed. Rep. 326. On May 12, 1894, the plaintiff filed his claim in the district court of Linn county for the allowance of said judgment, with interest, as a claim against said estate, and the single contention involved in this appeal is whether, under these facts, this claim is barred because not filed within twelve months after publication of notice of the appointment of the executors, or, in other words, whether the facts showed such peculiar circumstances as entitled the plaintiff to equitable relief. By the judgment of the federal court, the existence of the indebtedness was judicially determined, but the question as to whether it is barred by section 2421 of the Code was expressly reserved for the decision of the state court, the learned judge saying: "I hold it the better course to remit the decision of the matter to the state court."

II. Section 2420 of the Code divides claims against estates into five classes, as follows: (1) Debts entitled to preference under the laws of the United States; (2) public rates and taxes; (3) claims filed within six months after the first publication of the notice given by the executors of their appointment; (4) all other debts; (5) legacies. Section 2421 is as follows: "All claims of the fourth of the above classes not filed and proved within twelve months of the giving of the notice aforesaid are forever barred, unless the claim is pending in the district or supreme court, unless peculiar circumstances entitle the claimant to equitable relief." In *Savery v. Sypher*, 39 Iowa, 675, this court held that the limitation applies only to claims existing at the time of the decedent's death, and not to debts subsequently incurred by the estate. In *Sankey v. Cook*, 82 Iowa, 126 (47 N. W. Rep. 1077), we held, in effect, that a claim which is contingent upon the result of litigation will not be barred because of a failure to file and approve the same within the twelve months, especially where the estate remained unsettled and was solvent. The liability

for which the judgment under conisderation was ren-
dered arose under sections 5151 and 5152 of the Revised
Statutes of the United States. Section 5151 enacts that
"the shareholders of every national banking association
shall be held individually responsible, equally and rata-
bly, and not one for another, for all contracts, debts and
engagements of such association to the extent of the
amount of their stock therein, at the par value thereof,
in addition to the amount invested in such shares." Sec-
tion 5152 enacts that "persons holding stock as execu-
tors, administrators, guardians, or trustees, shall not
be personally liable as stockholders; but the estates
and funds in their hands shall be liable in like manner
and to the same extent as the testate, intestate, ward or
person interested in such trust funds would be if living
and competent to act and hold stock in his own name."
This statutory liability is not in favor of the bank, but
of its creditors, and did not arise until, by reason of the
insolvency of the bank, it did not have sufficient assets
out of which payment of its liabilities could be enforced.
Under the law, this liability may be enforced through
the receiver for the benefit of the creditors, and the lia-
bility now sought to be enforced is against the estate,
under the provisions of said section 5152. The twelve
months allowed for filing claims expired January 19,
1891. At that date the bank was open and transacting
business in the usual way, and it was not until January
26, 1891, that it suspended, and not until February 11,
1891, that the receiver was appointed. In view of these
conditions, it is clear that up to January 19, 1891, the
liability was contingent and undetermined, and that
there was no claim that could have been filed and proven
prior to that date. This claim did not exist at the time
of Mr. Hull's death, but has arisen since, as a liability
against his estate, and is therefore within the rule
announced in *Savery v. Sypher, supra.* It was a con-
tingent and undetermined claim on and before January

19, 1891, and is therefore within the rule of *Sankey v. Cook, supra*, and not subject to the limitation provided in section 2421.

III. Appellant's counsel cite many cases to show that no claim has been allowed by this court where, through negligence, the claimant has failed to file and prove his claim within the time prescribed in section 2421, but, that limitation not applying to this claim, the cases are not in point. The receiver came into possession of the assets on February 23, 1891; the assessment was made by the comptroller December 11, 1891; and on June 12, 1893, the receiver commenced his action to enforce the same. While, for anything that appears, that action might have been commenced sooner, yet the delay was without prejudice to the estate. By that action the defendants were notified of the claim, and, as was their right, appeared and defended against it. The judgment was rendered on the tenth day of May, 1894, filed in the district court for allowance on the twelfth day of May, 1894, and, by the evidence before us, is fully proven to be a legal and valid claim against the estate. We do not think it should be said in the face of this record that the plaintiff has been so negligent in the presentation and prosecution of this claim as that the same should be held to be barred.—AFFIRMED.