L. A. ANDREW, Superintendent of Banking, Receiver, Appellee, v. PEOPLES SAVINGS BANK, Delmar, et al., Appellants.

No. 42771.

JUNE 21, 1935.

Wolfe & Wolfe, for appellants.

H. L. Irwin, for appellee.

PARSONS, J.—The Peoples Savings Bank of Delmar, Iowa, had a capital of 250 shares of stock of the par value of $100 each, and was actively engaged in business up to the 15th of August, 1932, but closed its doors on that day, and L. A. Andrew, superintendent of banking, took possession for the purpose of liquidation, and following that was, within two days, appointed receiver of the bank, qualified as such, and proceeded to liquidate the same.

Among the stockholders was one James Bennis, who held thirty-three shares of stock. He died on the 13th of April, 1925, leaving a will, which was admitted to probate, and by which he left to Katherine E. Scott and Rozella Hoffman the bulk of his estate for life, subject to a small annuity to the St. Patrick School at Delmar, and at the death of one of the legatees the balance of the estate was to go to Katherine E. Scott, who was given power of appointment.

The will nominated F. P. Goodjohn as executor, and he qualified as such at once, and on September 21, 1926, filed his final report, which was approved by the court, and the life tenants placed

in possession and management of the property, as provided by will, and the executor was discharged from further service to the estate.

The executor in his final report listed the property he received, and amongst the property listed was thirty-three shares of the deceased in the Peoples Savings Bank, which was valued at $3,300, and also dividends on the stock of the Peoples Savings Bank at $330, the total value of the estate being $25,139.96, and he took a receipt dated September 14, 1926, from the two legatees, K. E. Scott and Rozella Hoffman; and amongst the items in the receipt was the thirty-three shares of stock in the bank, and further an acknowledgment that the givers of the receipt had examined the report of the executor filed in the estate, and found the same to be correct.

From the appellant's additional abstract of the record, we gather that the action to assess the stockholders, which was necessarily 100 per cent on account of the condition of the bank, was commenced in time for the November, 1932, term of court, as equity cause No. 6695, and that subsequently an amendment and substituted petition was filed in the case upon which it was tried, asking for such 100 per cent assessment.

An amendment and substituted petition filed in the case on August 29, 1933, sought to have the assessment made as against Katherine E. Scott and Rozella Hoffman; alleging, among other things, that the will of Bennis left his estate to them for life subject to a small annuity to a school, and that at the death of the survivor of the two life tenants the sum of $5,000 was to go to a church and school, as provided in the will, and the balance of the estate was to go to Katherine E. Scott; also alleging that F. P. Goodjohn, the nominee in the will, was appointed executor of the estate, and his final report as such was approved by the court September 21, 1926, and the executor was discharged from further service in the estate; that certain bonds and securities of the estate were still in the custody of the receiver, and the interest payments thereon had been paid to the life tenants, and asking for a judgment for a 100 per cent assessment on the portion of the stock, in conformity with the prior judgment and decree against the other stockholders, and for a $3,300 judgment against the Bennis estate, and that it be made a lien on all the property of the James Bennis estate, superior to the claims of Katherine E. Scott and Rozella Hoffman, and the church and school, and that the receiver retain possession of all the bonds

and other securities until the assessment had been paid in full, and for equitable relief.

In the will there was also a legacy to Elizabeth Coughlin for $100 per year, but it has terminated by her death, as appears by the executor's report.

There was ample evidence that 100 per cent assessment on the stock was necessary to pay the creditors of the bank, and this would not pay in full. It also appeared that the stock ownership had never been changed on the books of the bank.

It is claimed that the action is barred under section 11891 of the Code 1931. This section reads:

"Administration shall not be originally granted after five years from the death of the decedent, or from the time his death was known, in case he died out of the state."

We fail to see how this section has any application. The bank was a going concern when Bennis died and continued as such for several years thereafter. He died in April, 1925, and the bank closed in July, 1933, more than eight years thereafter. The liability on stock is, as to creditors of the bank, at the time of its failure. His executor filed his final report more than seven years before the bank failed, and turned all the assets of the estate over to the two entitled to receive them, and took their receipt therefor. In this receipt they receipted not only for the stock, but that they had examined the report, which showed the stock as an asset, and that dividends had been received. So they knew that the dividends had increased what was coming to them. True it is, that there is no showing one way or the other, as to whether other dividends in the intervening time from September, 1926, to 1933, had been received, but it is at least a fair inference that others were paid, at least until the debacle of 1929. True it is, the ownership was never changed on the books of the bank, but the liability for stock assessments to pay creditors reaches not only the ownership of the stock as shown on the books of the bank, but the ownership in fact. Section 9251:

"All stockholders of savings and state banks shall be individually liable to the creditors of such corporation of which they are stockholders over and above the amount of stock by them held therein and any amount paid thereon, to an amount equal to their respective shares, for all its liabilities accruing while they remained such stockholders."

So, under these facts we find that by these acts Katherine E. Scott and Rozella Hoffman were at the time of the failure of the bank the owners of the thirty-three shares of stock involved herein. It was not necessary to file with the estate, as the claim had no existence at the death of Bennis. Wickham v. Hull, 102 Iowa 469, 71 N. W. 352.

There was no one capable of filing a claim at the death of Bennis. L. Baird, Rec., v. McMillan, 53 N. D. 257, 205 N. W. 682, 41 A. L. R. 177, and note thereon.

The district court held for the receiver and rendered judgment against the Misses Scott and Hoffman, life tenants in possession of the assets of the estate, judgment to be paid from the property in their hands derived from the estate of James Bennis, deceased, the assessment being for $3,300 and costs $30.80.

The decision is right, and finds full support in an opinion of the court in L. A. Andrew, Rec., v. First Trust & Savings Bank, 219 Iowa 1244, 260 N. W. 849.

For the reasons pointed out, the decision of the lower court is affirmed.—Affirmed.

ANDERSON, C. J., and ALBERT, DONEGAN, POWERS, and RICHARDS, JJ., concur.