D. W. BATES, Superintendent of Banking, Receiver, Appellee, v. L. C. McGILL et al., Executors, Appellants.

No. 43860.

APRIL 6, 1937.

M. A. Smith and Cherny & Cherny, for appellants.

O'Brien, Molloy & Kremer, for appellees.

PARSONS, J.—Plaintiff in this case, by virtue of his position as superintendent of banking, is receiver of failed banks in Iowa, and as such is receiver of the Commercial State Bank of Independence, Iowa, which had a capital stock of $100,000 divided into one thousand shares of $100 each.

The petition sets forth that prior to the 20th of November, 1931, the bank was actively engaged in carrying on a general banking business at Independence, Iowa; that it closed its doors on the 19th of November, 1931, and on said date was adjudged insolvent, and has been insolvent ever since; decree made and entered of record the 24th of November, 1931; that it is shown by the books of the bank the claims of depositors, exclusive of

bills receivable, approximate $600,000, and that there will be a deficiency in assets for the payment of claims against the said bank in a sum in excess of approximately $250,000; that is to say, that all the assets, property and resources of the Commercial State Bank of Independence, Iowa, will be insufficient to pay the creditors of said bank and depositors thereof; that the shortage of assets, property and resources of the bank is largely in excess of the assessment asked, and should the full amount of the assessment due be realized there would still remain a deficiency in the amount received from all sources of the bank, including stock assessment from which to pay the creditors of the bank.

One paragraph of the petition contains an allegation that prior to the 14th day of August, 1928, and up to and including November 15, 1930, Charles L. King of Independence, Iowa, was the owner and holder of 33 shares of capital stock of said Commercial State Bank of Independence, Iowa; that the said Charles L. King departed this life October 6, 1931, and that the defendants in the case are the executors of the estate of Charles L. King; the petition sets up further that subsequent to September 1, 1928, and up to and including November 15, 1930, there were a large number of liabilities contracted upon the part of the bank, and during this period there were also a number of liabilities of said bank that accrued and were either unpaid or renewed, or continued, and were in existence during the same period of time, when the bank closed, to wit, November 1931. The petition further sets forth that the estate of Charles L. King is liable under the statutes of the State of Iowa for an assessment; and that by reason of the ownership of said shares of stock of said bank, he is liable for the full amount of liability provided for under the statutes of Iowa; that an assessment is necessary for the payment of the debts and liabilities of the Commercial State Bank of Independence, Iowa; that no part of the liability for assessment upon said capital stock in said bank has been paid. The petition prayed for a judgment against the estate of Charles L. King, deceased, for 33 shares of capital stock held by the said Charles L. King, and that said judgment and decree shall provide for an assessment on said shares of stock and that said defendant shall pay to the receiver, the sum of $3,300, or 100 per cent.

The defendants' answer was a denial of each and every allegation of plaintiff's petition, except such as were specifically

admitted, and then admits the appointment of a receiver; that the bank was at all times a banking corporation organized under the laws of Iowa; admits the par value of each share of capital stock of said bank is $100. In division 2 of the answer the defendants embrace therein, and in every other division of the answer, the denials and admission of their first paragraph. The answer then sets up a defense that on November 15, 1930, Charles L. King ceased to be a stockholder in the Commercial State Bank of Independence, Iowa, and the original notice of this cause of action was not served until January 15, 1936, more than five years after the said Charles L. King ceased to be a stockholder of said bank, and was barred by the statute of limitations, said statute having run against plaintiff's claim.

In Division 3 the defense is set up that this action was improperly brought against the executors because the estate of Charles L. King was still open and being administered in the court, and the proper proceeding would have been for plaintiff to file a claim against the estate of decedent, and that plaintiff has no standing in a court of equity under such circumstances; division 4 is that in case division 3 of this action be not upheld, and that it should be held that this action is the equivalent of filing a claim against said estate, then defendants answer that the claim is barred because not filed within twelve months from the opening of the estate; that King died as stated in plaintiff's petition, in October 1931, and on the 16th of October, 1931, defendants were appointed as executors of his estate, and the first notice of their appointment was published in The Bulletin-Journal within one week after their appointment; that the bank was adjudged insolvent on November 24, 1931, and there was ample time for plaintiff to file any claim against the estate within the following twelve months after the appointment of the executors; that the bank failed and neglected to file any claim and no peculiar circumstances were given as to why claim or suit was not brought within twelve months. This division contained a prayer asking that plaintiff's petition or claim be dismissed and disallowed because not filed in time provided by law for filing claims against estate. Division 5 was a plea of laches in bringing suit; division 6 was that no demand for payment is plead by plaintiff; that no demand for payment was ever made of these defendants, and inasmuch as such demand was necessary as a requirement before bringing suit, that the suit should be dismissed at plaintiff's

cost; division 7 concerned the reduction of the capital stock from $100,000 to $50,000, and that by virtue of the agreement entered into on the part of the bank and its directors, all liability on the part of owners of stock was assumed by the directors of said bank, and the stock was to be sold by virtue of and in accordance with section 9248 of the Code of Iowa; that prior thereto Charles L. King had sold his stock to Edwin L. King, and said stock was transferred on the books of the bank to the said Edwin L. King, on November 15, 1930; that the bank was then a solvent and going concern, and remained so for over a year, and that any possible construction of the banking laws and the liability of the defendants as executors of the estate of Charles L. King, ceased and determined; that Charles L. King at no time since this was done could be held to be a stockholder therein for any purpose, and the defendants in no wise were responsible.

Division 8 of the answer alleged that on January 23, 1932, the then superintendent of banking filed in this court a petition against the Commercial State Bank and those who were stockholders at that time, asking an assessment of those who were stockholders at the time of insolvency; that in said petition one Edwin L. King, to whom Charles L. King had sold the stock in controversy, was made defendant and was alleged to own 14 shares of stock, which is all these defendants could be held for in any event, being the amount and number of shares reduced by the action of the directors of said bank; and that furthermore by such suit the superintendent of banking elected to create the transfer of stock owned by Charles L. King to Edwin L. King as valid and binding on the banking department and by such election is barred and estopped from bringing any against the defendants; that suit is still pending, or was pending when this action was commenced. Division 9 set up that the bank was re-organized under section 9248 of the Code of Iowa, and that if the board of directors after making the assessment upon the stockholders, as provided by section 9248 of the Code, neglected to cause the stock of the various holders to be sold, and more particularly the stock previously sold by Charles L. King, then by reason of this neglect the stockholders were relieved of any and all liability, and the said Charles L. King never became a stockholder in said re-organized bank and was under no obligation as a stockholder, or otherwise, to the plaintiff.

The plaintiff filed a motion to strike paragraphs 2, 3, 4, 5, 6,

7 and 8 in defendants' answer for the reason that the facts alleged therein did not constitute a defense to plaintiff's cause of action, and that there is no statute barring the action set forth in plaintiff's petition within five years; and further, that no action could accrue until November 19, 1931, when a receiver was appointed for the Commercial State Bank of Independence, Iowa; and that five years had not elapsed since the appointment of said receiver; that as to the facts alleged in division 3, there was nothing to require plaintiff to file a claim against the estate of Charles L. King, but they have the right to institute an independent action against the personal representatives of the estate, setting forth that Charles L. King died prior to the closing of the bank, and that at the time of his death no claim for and on account of these matters was due, and for the reason that plaintiff's claim is a contingent claim and is not governed by the requirements that same be filed within twelve months after the appointment of a personal representative; that no facts are set forth or alleged upon which the court can find the plaintiff has been guilty of laches as alleged in defendants' answer; that no demand is necessary as a prerequisite for the institution of the action set forth in plaintiff's petition; that plaintiff's action is based upon the ownership of certain shares of capital stock in the Commercial State Bank of Independence, Iowa, by the decedent, Charles L. King; that the matters and facts alleged in division 7 are incompetent, irrelevant and immaterial as to the issues involved in this action as they relate to facts and circumstances subsequent to the time when Charles L. King ceased to be a stockholder in said bank, and in no way tend to prove or disprove any of the issues involved in this case; that as to the matters alleged in division 8, they were incompetent, irrelevant and immaterial for the reason they deal with other stockholders as to their superadded liabilities under the statute of Iowa, and have no bearing upon the facts and issues involved herein; and that the matters involved in division 9, show there is no allegation under which the plaintiff would be required to sell the stock under section 9248 of the Code of Iowa, and are allegations of facts all subsequent in time to the issues involved in this controversy.

The Court in ruling on the motion, said:

"This motion has been fully argued by counsel and care-

fully considered by the court, and it is the judgment and opinion of the court that none of these divisions which the plaintiff seeks to strike present any defense in this case, with the possible exception of division 5. The court can conceive the possibility that facts might be adduced on the trial which would require the court to give careful consideration to the plea of laches, so that the court does not pass upon that question at this time, and motion to strike the division 5 is overruled, and the question will be continued into the trial of the case and passed upon after the evidence is all in.''

■■■ We do not see anything in division 2 of the answer of defendants for the reason that the liability claimed in this case is for stock owned by the deceased in his lifetime, and for which he assumed liability. Under our statutes every holder of bank stock becomes liable, where there is a failure of a bank, for an assessment necessary to pay any obligation that may have occurred while he was a stockholder. But under the record in this case there can be no question but what the debts of the bank, insofar as they exceeded its assets, even at the time of the transfer of the stock by Charles L. King, made it necessary to levy an assessment on the full amount of the stock owned by him, and then it would still be insufficient to pay the creditors for the debt accrued while he was a stockholder.

Hence, all the other questions in this case, it seems to us, disappear. The question on the diminution of stock, and all that, could have no effect, for sufficient claims accrued that would remain unpaid to more than exhaust the liability under the statute.

■■■ The question arises under divisions 3 and 4 of defendants' answer, as to whether or not the claim should have been filed with the executors of the estate. It may, perhaps, have been proper to file it with the executors of the estate, as provided in chapter 507 of the Code. But Charles L. King died prior to the insolvency of the bank, and it is not necessary for one bringing suit, to have filed a claim in order for it to be not barred. It was merely a contingent liability. The estate is still open and unsettled, and so far as the record shows, is solvent.

■■■ As to the claim of laches, the record merely shows that the executors of the estate had distributed a small amount of money to the heirs, and had also made some slight improvements on the properties, but it does appear that the property of the

deceased is still in the possession of the executors, and hence there is no error in overruling this proposition.

As to whether or not it was necessary to file a claim with the estate, is, we think, the only question that can be discussed here. To begin with, there is no personal judgment asked against the executors, but merely against the estate. This court has decided in a recent case, Andrew v. First Tr. & Sav. Bank, 219 Iowa 1244, 1249, 260 N. W. 849, 852, where one Simon died testate on the 25th of June, 1924, he was owner of 20 shares of stock in the bank involved, and the stock stood in his name in the books of the bank. His will gave his entire estate to his widow during her lifetime, or until she remarried. She was appointed executrix of the estate, and was discharged as such in November, 1925. She took possession of all the property of the estate, including the certificate covering the 20 shares of stock. She received dividends on this. It was held that neither of these acts was inconsistent with her holding the stock under the terms of the will. The court says in the opinion:

"It now seems to be well settled in this state, as in most states, that claims of that character may be enforced against the estate of a deceased person, even though the time for filing claims has expired and the estate closed and the assets of the estate have passed into the possession of the heirs or distributees."

In Wickham v. Hull, 102 Iowa 469, 71 N. W. 352, it was held, that the delay of a receiver of a national bank for over 18 months after an assessment on the capital stock of the bank, under U. S. Rev. Statutes, sections 5151, 5152 (see 12 U. S. C. A., sections 63, 66), to enforce the same against the estate of a stockholder who died before the bank had been closed, does not bar a claim against the estate, founded upon a judgment recovered therein, although no reason is given for the delay, where the estate is solvent, and no prejudice has resulted from the delay.

In the case of Hirning v. Kurle, 54 S. D. 334, 223 N. W. 212, the court decided that a claim against an estate is contradistinguished from a claim against the decedent himself and was not subject to the statutes requiring claims against the estate to be filed within six months.

In Baird, Rec'r, v. McMillan, Ex., 53 N. D. 257, 205 N. W. 682, it is held that the statute does not seem to be contemplating

70

a situation where, owing to the nature of the liability there is no person in existence capable of presenting the claim.

These decisions seem to hold in cases of this kind that it is not necessary to file a claim with the executor or administrator, as provided in the statutes limiting the time within which the claim must be filed.

The court entered a judgment against the defendants for the sum of $2,800. This would, of course, be as against the defendants, we take it, as executors of the estate of Charles L. King. Motion for new trial was filed on the ground that defendants had discovered new evidence affecting materially the substantial rights of the defendants and in support of the motion attached thereto affidavits of the executors of the estate of Charles L. King, deceased. The court properly overruled this motion.

So, taking this record as it stands, where the evidence shows, and shows conclusively, that the deceased Charles L. King was the owner of 33 shares of stock of the failed bank, that where it is necessary to levy an assessment to meet the superadded liability, that assessment may be levied, and it is not necessary to file a claim with the estate of the deceased, where he died before the insolvency was declared, or before it was found it was necessary to make an assessment. It seems to us the decision of the district court holding the executors liable was correct, and accordingly the decision of the district court is hereby affirmed.—Affirmed.

RICHARDS, C. J., and ANDERSON, HAMILTON, and DONEGAN, JJ., concur.