## IRONS *v.* MANUF'RS NAT. BANK.

*(District Court, N. D. Illinois. July 14, 1884.)*

1. NATIONAL BANKING LAW—LIABILITY OF STOCKHOLDER—PURPOSE OF THE LAW.
   It was the intention of congress by its act (Rev. St. § 5151) to make the excess of the cost of the stock of a national bank, up to the par value, an asset of the bank, to be resorted to in the event of insolvency, or a guaranty fund, (so to speak,) in case the property of a bank is insufficient to pay its debts. Whoever becomes a stockholder assumes this liability as an element of his contract.

2. SAME—LIABILITY OF PERSONS HOLDING STOCK IN A REPRESENTATIVE CAPACITY.
   Section 5152, Rev. St., was designed to protect persons who hold stock in a representative capacity from any personal liability, and only makes the funds in the hands or under the control of such representative liable.

In Equity.
*Mason Bros.*, for plaintiff.
*H. B. Hurd*, for defendant.

BLODGETT, J.  The principal facts which I deemed it necessary to consider for the disposition of the point now in question are these: William H. Adams was a shareholder in the Manufacturers' National Bank.  In November, 1874, the bank suspended payment, closed its doors, and by a vote of the shareholders went into voluntary liquidation, being at that time largely indebted beyond its assets.  Subsequently, James Irons, a judgment creditor, filed a creditor's bill, and obtained the appointment of a receiver to administer the assets of the bank.  After the passage of the act of June, 30, 1876, in regard to winding up the affairs of national banks, a supplementary bill was filed, to which Adams was made a party for the purpose of enforcing the liability of the stockholders.  Pending this proceeding against the shareholders Adams died, and a bill of revivor was filed against his administrator, and the latter demurs to the bill, on the ground that the liability of a shareholder of a national bank does not survive against his estate.

Section 5151 of the Revised Statutes provides that "the shareholders of every national banking association shall be held individually responsible, equally and ratably, and not one for another, for all contracts, debts, and engagements of such association, to the extent of the amount of their stock therein, at the par value thereof, in addition to the amount invested in such shares."

In support of his demurrer the administrator cites a large number of adjudged cases, chiefly from Massachusetts and Pennsylvania, where the contingent liability of shareholders for the debts of the corporation in which they held stock, under the special statutes of those states, was involved and considered; but it is noticeable that in most of the cases the question was either on the liability of the executor or administrator to pay calls or assessments on the stock of deceased stockholders, where it was clear that the stock would only be a burden to the estate; or in cases where the stockholder's liability was held to be in the nature of a penalty for some violation of the provisions of the statute regulating the affairs of the corporation.  As I understand the able and exhaustive brief filed by the learned counsel for defendant, he concedes that if the liability of a shareholder of a national bank is to be construed as a contract obligation, then it survives as against the representatives of his estate.

So far as the clause of the national bank act which I have quoted has been construed by the court, it seems to me to have been assumed that it was the intention of congress to make this a contract liability.  These cases are *Davis* v. *Weed,* 44 Conn. 569; *Hobbs* v. *Western Nat. Bank,* 9 Reporter, 469; *Davis* v. *Stevens,* 17 Blatchf. 259; *Laing* v. *Burley,* 101 Ill. 591.  From all the various provisions of the act it seems to me that it was the intention of congress to make this liability to the extent of the par value of the stock, over and above what the stock had cost, an asset of the bank, to be resorted to in the event of insolvency, or a guaranty fund, so to

speak, in case the property of a bank was insufficient to pay its debts. Whoever became a shareholder assumed this liability as an element of his contract. He is declared individually responsible for the liabilities of the bank, to the extent of the amount of his stock at the par value thereof, and this responsibility attaches as soon as the relation of shareholder is assumed, and continues until the relation ceases. My view is that congress intended to give all persons dealing with the bank the guaranty or assurance of this shareholder's liability, for the purpose of giving credit to banks organized under this law. The capital paid in on the shares might be lost or wasted by fraud or bad management, but this additional shareholder's liability could not be wasted, but remains as a fund to be resorted to for the payment of debts when the other means of payment are exhausted; and it would certainly very much abridge this security if the liability of a shareholder is to cease with his death. It seems to me to be a liability which survives against the estate of a deceased shareholder, to the same extent as if the shareholder had, at the time he subscribed to or acquired his stock, signed a written agreement to pay an amount equal to the par value of the stock, on the debts or liabilities of the association, when called upon by the receiver of the bank to do so, and such an agreement undoubtedly would survive as against the representatives of the shareholder's estate.

Some stress is also laid in this case upon the succeeding section, which reads as follows:

"Sec. 5152. Persons holding stock as executors, administrators, guardians, or trustees, shall not be personally subject to any liability as stockholders; but the estate and funds in their hands shall be liable in like manner and to the same extent as the testator, intestate, ward, or person interested in such trust funds would be if living and competent to act and hold the stock in his own name."

I think the only purpose of this section is to protect persons who hold stock in a representative capacity from any personal liability, and only makes the funds in the hands or under the control of such representative liable. The object of this section undoubtedly was to encourage the investment of trust funds in this class of corporations by relieving the trustees from personal liability.

In this case I think the court can only adjudge the defendant to pay in due course of administration.

The demurrer to the bill is therefore overruled.