The Jefferson County Bank vs. Robbins, Adm'x, etc. imp.

THE JEFFERSON COUNTY BANK, Respondent, vs. ROBBINS, Administratrix, etc., imp., Appellant.

*October 12 — November 3, 1886.*

ESTATES OF DECEDENTS: VACATING JUDGMENT: PRACTICE. *(1) Special administratrix: Vacating judgment against intestate. (2) Appeal by administratrix from order denying motion made by her as special administratrix. (3) Default: Inexcusable neglect. (4) Change of situation: Witness rendered incompetent by death of party.*

1. A special administratrix may intervene in an action against her intestate to have the judgment against him vacated, and thus to obtain the release of property which has been seized on execution.

2. A special administratrix moved to vacate a judgment against her intestate. Pending the motion she became the general administratrix. *Held,* that she might appeal from the order denying the motion (especially where such order imposed costs upon her individually), and the fact that she is described in the notice of appeal as special administratrix is an immaterial error.

3. Upon the facts in this case (stated in the opinion) it is *held* that there was no abuse of discretion in refusing to open a judgment taken by default upon promissory notes, on the ground that the neglect and failure to answer was not satisfactorily excused.

4. In this case, where the plaintiff, after obtaining judgment by default upon promissory notes, incurred expense in and about the issue and levy of execution, and where, after the judgment, important evidence for the plaintiff became incompetent by reason of the death of the defendant, it is *held* that there was no abuse of discretion in refusing to open the judgment.

The Jefferson County Bank vs. Robbins, Adm'x, etc. imp.

APPEAL from the Circuit Court for *Jefferson* County.

A motion to dismiss the appeal was made August 31, 1886. The facts material upon such motion are as follows:

The action was brought against A. Robbins and another. Judgment by default was obtained therein against the defendants. Execution was issued, and the personal property of said Robbins was seized by the sheriff, and advertised to be sold to satisfy the execution. After these proceedings, and before the time appointed for such sale, Robbins died. His widow, *Jennet Robbins*, was appointed special administratrix of her husband's estate, and duly qualified as such, and then applied to the circuit court to open the case and allow her to defend the action. She also applied for and obtained a stay of proceedings on the execution pending the hearing and decision of her motion. While the motion was pending she was appointed general administratrix of such estate, and qualified as such. Her motion was afterwards denied, and costs of motion were adjudged against her. From the order denying her motion, and imposing such costs upon her, she took an appeal to this court. In the notice of appeal she is described as special administratrix of the estate of her said husband. On these facts the respondent moves that the appeal be dismissed, for the reason that the appellant had no authority to take it or to intervene in the case.

*Geo. W. Bird*, for the motion.

*F. W. Hall*, *contra*.

The following opinion was filed September 21, 1886:

By THE COURT. There can be no question of the right of the special administratrix to intervene in the action against her intestate, for the purpose of avoiding the judgment against him, and thus procuring the release of the property belonging to the estate which the sheriff had seized under the execution and was about to sell. This was necessary

in order to preserve the property of the deceased for the administrator thereafter to be appointed, which is one of the chief functions of a special administrator. R. S. sec. 3811.

The appeal herein is by *Jennet Robbins*, who, when it was taken, was the administratrix of the estate of the deceased judgment and execution debtor, and the proper person to take the appeal in the interest of the estate. Besides, the order appealed from imposed costs upon her individually, and she had an individual right to appeal therefrom, no matter who might be the administrator. The mere circumstance that, in the notice of appeal signed by her attorneys, she is erroneously described as special administratrix, has no significance. The error is too trifling and inconsequential to work so serious a result as a dismissal of the appeal. It is sufficient that an authorized person has appealed, and the failure of her attorneys to state correctly in the notice her relation to the estate of the deceased debtor does not and should not affect the validity of her appeal.

Motion denied, with $10 costs and clerk's fees.

After the denial of the motion the cause was argued upon its merits. The following are the material facts, in addition to those stated in the opinion:

October 16, 1885, the plaintiff bank brought an action against A. Robbins and G. H. Robbins on two promissory notes purporting to have been executed by them to George W. Bird, and by him indorsed to the plaintiff. November 18, 1885, judgment by default was recovered against the defendants for the amount of the notes, and execution thereon was duly issued and levied upon the property of the defendant A. Robbins. On the 10th of the same month, A. Robbins died, and on the 27th his widow, *Jennet Robbins*, was appointed special, and later general, administratrix of his estate. December 7, 1885, the administratrix applied

to the circuit court to open the judgment against her intestate, and to admit her in his place to defend the action. The motion was made upon affidavits, and upon a proposed answer denying the execution by A. Robbins of the notes in suit, and affidavits on behalf of plaintiff were read in opposition thereto. The substance of the affidavits is stated in the opinion. The court denied the motion. The administratrix appeals from the order denying the same.

For the appellant there was a brief by *Rogers & Hall*, and oral argument by *Mr. Hall*.

*Geo. W. Bird*, for the respondent.

The following opinion was filed November 3, 1886:

LYON, J. The affidavits upon which the motion was made and resisted, to open the judgment and for leave to the administratrix to interpose a defense to the action, are too voluminous to insert at length in the report of the case. It is sufficient to state the facts which these affidavits tend to prove in addition to those already detailed in the foregoing statement of the case.

In November, 1883, the defendant G. H. Robbins applied to George W. Bird for a loan of $200. He offered his father (the defendant A. Robbins) as security therefor, and referred Mr. Bird to the plaintiff bank and to one Armstrong as to the sufficiency of the security. On inquiry at the bank, Mr. Bird learned that A. Robbins was perfectly responsible, and was in the habit of signing notes for his son. The bank showed Mr. Bird a note held by it, signed by G. H. and A. Robbins, and a letter from Armstrong certifying to the pecuniary responsibility of A. Robbins. Thereupon Mr. Bird loaned the $200 to G. H. Robbins, and received therefor a note purporting to be signed by him and his father. A few weeks later he loaned G. H. an additional $100, and received a note therefor signed in like manner. These are the notes in suit.

In January, 1884, Mr. Bird sold these notes to the plaintiff bank, guarantied the payment of them, and received therefor the whole amount thereof, principal and interest. The interest was paid to July, 1885. In February, 1885, the plaintiff extended the time of payment of the notes. This was done pursuant to the verbal application of G. H. Robbins, accompanied by a written consent thereto purporting to be signed by A. Robbins. Between September, 1883, and September, 1884, the plaintiff bank held seven notes against G. H. and A. Robbins, amounting to about $1,300, all of which were duly paid.

In September, 1885, G. H. Robbins was convicted of the crime of forgery, and duly sentenced to imprisonment in the state prison for a term of four years. The forgeries were of instruments, notes, and mortgages to different parties, but it does not appear what the instruments were, or whose names were forged thereto. The genuineness of the signatures of A. Robbins to the seven notes held by the bank, and to the consent to extend time for payment of the notes in suit, is not directly attacked in the affidavits. While inferences to the contrary may be extracted from the affidavits, we think the circuit court might properly have found that all those signatures were made or authorized by the appellant's intestate; also that the name of A. Robbins signed to such notes and instrument and his name to the notes in suit were in the same handwriting.

The summons and complaint in this action were personally served on the defendant A. Robbins, October 16, 1885. On the next day, accompanied by his son Clarence, he had an interview with Mr. Bird, the attorney for the plaintiff and the payee and guarantor of the notes in suit. In that interview, as appears by the affidavit of Mr. Bird, he scarcely disclaimed the execution of the notes, although his son did so, in his presence, with great vehemence. Mr. Bird offered to pay half the amount of the notes to avoid litiga-

tion, and the offer would probably have been accepted but for the opposition and violent manner of Clarence. Mr. Bird then informed both father and son that if they elected to defend the action they must retain an attorney, and do so before the expiration of twenty days, or judgment would be taken against A. Robbins on the notes.

Mr. Robbins was in somewhat feeble health when he had the interview with Mr. Bird, and seems to have been taken worse afterwards, on that day. An effort is made in the affidavits in support of the motion to show that he was thereafter incapacitated from doing business the most of the time until he died; but there is enough in the affidavits to satisfy us (as it manifestly did the circuit judge) that during nearly the whole time the case was open for his answer he was abundantly able to state his alleged defense to the note, which was well known to his family, and to verify an answer.

Ten days after his interview with Mr. Bird he directed his son Alvah, a young man, living with his father, to send the papers in the case to Messrs. Rogers & Hall, of Madison, attorneys at law. Alvah did so, by mail, but neglected to inform the attorneys what the defense was to the notes. This made necessary further correspondence. The result of these and other delays was that Mr. Robbins did not verify his answer until November 17th, and no attempt was made to serve the same until November 19th. The time to answer had been extended by Mr. Bird, at the request of Rogers & Hall, until November 16th. No request was made to him to grant a further extension. Mr. Bird refused to accept service of the answer, because it was not served until the extended time to answer had expired, nor until judgment had been entered, execution issued, and a levy made.

It was within the sound discretion of the court to grant or refuse the relief asked. Hence the question to be de-

The Jefferson County Bank vs. Robbins, Adm'x, etc. imp.

termined on the above facts is, Was the refusal of the circuit court to open the judgment and admit the appellant to defend the action, an abuse of such discretion by that court? The question must be answered in the negative on two grounds:

1. The circuit court might well have found that the failure to answer until after the expiration of the time allowed by law, and extended by the plaintiff's attorney,— a period, in all, of one month,— is not satisfactorily excused. The answer sought to be interposed is plain and simple, being merely a denial of the execution of the notes. Counsel could have been instructed in a sentence sufficiently to have enabled them to draw the answer intelligently and properly, and the preparation of the answer required but a few minutes of time. The intestate resided near Waterloo, in Jefferson county, between which place and Madison, where the attorneys reside, there was railroad communication, and a daily mail. True, Mr. Robbins was sick during the time in which the answer should have been interposed; but the circuit court was justified, by the affidavits, in being satisfied that he was able, during nearly all that time, to state his defense and verify his answer, yet no move was made looking to a defense of the action until ten days after the visit to Mr. Bird, when the papers were sent to the attorneys without instructions. The attorneys immediately, and on the 28th of October, wrote for instructions, but the moving affidavits are industriously silent as to when they received them. Mr. Hall only says that as soon as his firm received the necessary information he drafted the answer and forwarded it for verification, but he fails to tell us when he received the information. The fair inference is that it was not furnished for more than two weeks after it was called for. This correspondence was with Alvah Robbins, the son of the intestate, residing with his father, who acted for his father and at his request in retaining counsel, and

who must have known what the defense was to the notes. Under these circumstances, the circuit court might well have held that the neglect and failure to answer was not satisfactorily excused.

2. The situation of the plaintiff in respect to its claim has materially changed since the judgment was rendered. It has subjected itself to considerable cost and expense by issuing execution, and seizing under it and advertising for sale the property of the judgment debtor. Further, when the judgment was rendered Mr. Bird would have been a competent witness for the plaintiff to prove the occurrences in his interview with the deceased. Were the action contested, his testimony in that behalf might and probably would be important to the plaintiff. Since the death of Mr. Robbins, it is quite probable that Mr. Bird is not a competent witness in that behalf, because the bank derives its title to the notes in suit through him, and the appellant (if liable) sustains her liability in the action through her intestate. R. S. sec. 4069. Under these circumstances, it was no abuse of discretion to refuse to open the judgment. *Wheeler & Wilson Mfg. Co. v. Monahan*, 63 Wis. 194.

The order appealed from must be affirmed.

*By the Court.*— Order affirmed.