Banking Commission, Receiver, Respondent, vs. Best and others, Appellants.

*November 4—December 3, 1935.*

For the appellants there were briefs by *Mayer, Vandercook & Wilde,* of Milwaukee, attorneys for Manila Best and Myrtle Schultz, and by *Bitker, Tierney & Puchner,* of Milwaukee, attorneys for Lucille Schok, Theodore R. Froem-

ming, and Gilbert E. Froemming, and oral argument by *Walter F. Mayer* and *Daniel K. Hopkinson* of Milwaukee.

For the respondent there was a brief by *Gabel, Dineen, McCarty & Young* of Milwaukee, and oral argument by *J. E. McCarty* and *Cornelius N. Young.*

WICKHEM, J. It is alleged in the complaint that on May 25, 1933, the Milwaukee Commercial Bank became delinquent and the Banking Commission vested with the rights of the bank for liquidation purposes; that the Banking Commission levied an assessment on all stock of the bank on May 31, 1933; that during the years 1929 and 1930 Bertha Froemming became the owner of one hundred shares of the capital stock of this bank; that Bertha Froemming died intestate August 26, 1931; that the final decree in the estate of Bertha Froemming was entered March 30, 1933, distributing the estate to the defendants, one fifth to each; that the shares of stock still stand in the stock register of the bank in the name of Bertha Froemming, deceased, and have never been transferred to any of the defendants; that plaintiff has been and will be unable with due diligence to collect this debt or any part thereof by proceedings in the county court or from the personal representatives of Bertha Froemming for the reason that the estate has been wholly closed, the administrator discharged, and the personal estate distributed to the next of kin.

It is our conclusion that the demurrer was properly overruled.

It appears upon the face of the complaint that defendants are not stockholders, and the complaint fails to state a cause of action against them as such. Their liability is that of next of kin who have had distributed to them personal estate of the deceased stockholder which is subject to the assessment. The liability for an assessment accrued when possession was

taken of the bank, and a claim could have been filed at any time after May 25, 1933, had the estate of Bertha Froemming been in the process of administration.

It is the defendants' contention that secs. 313.24 and 313.25, Stats. 1931, govern this situation. Sec. 313.24 provides in substance that if the claim of any person shall accrue or become absolute at any time after the time limited for creditors to present their claims, the person having such claim may present it to the county court and prove the same at any time within one year after it shall accrue or become absolute, and then, "if established in the manner provided in this chapter," the executor or administrator shall be required to pay it to the extent that he has assets in his hands sufficient to meet it. Sec. 313.25 provides that when a claim shall be presented within one year from the time it accrues and be established as required in sec. 313.24 and the executor or administrator shall not have sufficient assets to pay the whole of such claim, the creditor may recover against the heirs, devisees, and legatees who have received sufficient personal property, etc. Defendants contend that plaintiff, within one year after May 25, 1933, should have filed its claim in the county court, and that having failed to file such claim it has not discharged the conditions prescribed in sec. 313.25, Stats., as precedent to the maintenance of this action. The difficulty with defendants' position is that the estate had been fully settled and the assets completely and finally distributed before this claim accrued.

It is suggested that plaintiff should have proceeded to reopen the estate, vacate the final decree, file its claim, and have it allowed. This would be a futile procedure where the record shows the estate to have been fully settled, the personal estate finally distributed to the next of kin, and the administrator discharged. In such a situation secs. 313.24 and 313.25, Stats. 1931, raise no barriers to the maintenance of this action by plaintiff. *Clark v. Sloan,* 215 Wis. 423, 254

N. W. 653. Plaintiff's rights are governed by secs. 287.18 and 287.19, Stats. 1931. Sec. 287.18 is as follows:

"Actions against the next of kin or legatees of any deceased person to recover the value of any assets that may have been paid to them by any executor or administrator may be brought against all of the next of kin jointly or one or more of them, or against all of the legatees jointly or one or more of them."

Sec. 287.19 provides:

"If such action be brought against the next of kin the plaintiff must show that he has been or will be unable, with due diligence, to collect his debt or some part thereof by proceedings in the proper county court or from the personal representatives of the deceased. . . ."

It sufficiently appearing, for the reasons heretofore stated, that plaintiff has been and will be unable with due diligence to collect its claim or some part thereof by proceedings in the county court, this action lies and the demurrer was properly overruled.

*By the Court.*—Order affirmed.