SCHAFER and others as members of the Banking Commission, Appellants, vs. SELL, Respondent.

*December 5, 1935—January 7, 1936.*

For the appellants there was a brief by *James F. Malone* of Beaver Dam and *Grady, Farnsworth & Walker* of Portage, and oral argument by *Dorothy Walker.*

For the respondent there was a brief by *George A. Hartman* of Juneau, attorney, and *Harold M. Wilkie* of Madison of counsel, and oral argument by *Mr. Wilkie.*

WICKHEM, J.   On June 28, 1933, the Banking Commission took possession of the affairs of the Peoples' State Bank of Reeseville on the ground of its insolvency.   On that date it levied a statutory assessment of one hundred per cent upon the stockholders of the bank.

O. A. Sell, defendant's husband, was the owner of fourteen shares of this stock.   He died testate on February 1, 1930.   Defendant was the residuary legatee under the will. The inventory filed in the Sell estate listed the shares of stock in the Peoples' State Bank of Reeseville at par, and the final account included the stock, at par, with other personal property.   The order of final distribution was entered on July 31, 1931, and provided that the residue of said personal estate "be and the same is hereby assigned" in accordance with the terms of the will as follows:

"To Lucile Iva Sell the sum of $4,500; to Ethelyn B. Sell the sum of $2,500; to Ottillie C. Sell the sum of $9,797.84."

The certificates of stock were never assigned to the defendant, and the stock was never transferred to her upon the books of the bank.   The administrator with the will annexed never delivered the certificates to defendant and advised the defendant not to accept them.   Defendant refused to accept

a transfer of the stock, never voted it, received no dividends upon it, and exercised no acts of ownership with respect to it.

It is plain to us that defendant never became a stockholder. The process of becoming a stockholder is contractual, and all the elements of a contractual relationship are absent here. See *Foote v. Anderson*, 61 C. C. A. 5, 123 Fed. 659; *Austin v. Strong*, 117 Tex. 263, 1 S. W. (2d) 872, 3 S. W. (2d) 425; *Schafer v. Bellin Memorial Hospital*, 219 Wis. 495, 264 N. W. 177.

There is some dispute between the parties as to the effect of an order of final distribution, but we do not reach this controversy. Whatever the effect of the final decree, it did not make defendant a stockholder under the circumstances existing here. See *Banking Comm. v. Best*, 219 Wis. 526, 264 N. W. 176; *Schafer v. Bellin Memorial Hospital, supra;* *Lochner v. State*, 214 Wis. 109, 252 N. W. 695.

In *Gianella v. Bigelow*, 96 Wis. 185, 71 N. W. 111, relied on by the plaintiffs, this court held that the liability of personal representatives of the deceased did not depend upon their status as stockholders. This is true but exceptional. The statute imposes the superadded liability, first, upon stockholders, and, second, to the extent that they have available assets in their hands, upon personal representatives or trustees. The court in the *Gianella Case, supra,* merely held that a personal representative continued the legal personality of the deceased stockholder, and that no assignment or transfer on the books was necessary to hold him to the limited liability imposed by statute. In other words, he was by legal fiction considered to be the deceased stockholder, or at least to occupy the same status at law.

There is a statement in the case which is broader than necessary to support the result:

". . . The case of *Cleveland v. Burnham*, 64 Wis. 347, in which the opinion was expressed that a transfer 'on the

books of the bank should be shown, upon which to found the liability,' was in respect to the liability of the purchaser of stock, who took the same by transfer *inter vivos,* and not where it passed by bequest or operation of law. . . ."

This language should be limited to the facts to which it was applicable, and, when so limited, is entirely accurate.

The statute warrants the conclusion that a personal representative either does not need to be a stockholder in order to be subject to a liability to the extent of his available assets, or, which amounts to the same thing, that he is one by reason of his legal identification with deceased. It is quite another thing to hold that a residuary legatee, who declines to accept assignment of stock certificates, or to complete the operation of becoming a stockholder, or to exercise any of the rights incident to ownership of the stock, has so far satisfied the contractual requisites as to become a stockholder.

In view of these conclusions, it must be held that defendant was not liable for the statutory assessment.

If plaintiff has a remedy, and upon this point we express no opinion, it is by action against next of kin to whom has been assigned personal estate of the deceased stockholder. Since this matter has so recently and fully been discussed in the *Bellin* and *Best Cases, supra,* it needs no further exposition here.

*By the Court.*—Judgment affirmed.