CLEARY and others (BANKING COMMISSION), Appellants, vs. BOYLE, Administrator, Respondent.

*February 8—March 7, 1939.*

584

For the appellants there was a brief by *McDaniel, Mc-Daniel & Reinoehl* of Darlington, and oral argument by *D. F. Reinoehl.*

For the respondent there was a brief by *Boyle & Boyle* of Darlington, and oral argument by *W. J. Boyle.*

NELSON, J.   So many of the stipulated facts as are material to the question requiring determination are as follows: George Crotty died on March 31, 1929.   At the time of his death he was the owner of fourteen shares of stock in the Commercial State Bank of Argyle.   In proceedings for the administration of the estate of said deceased, duly commenced and continued in the county court of La Fayette county, it was ordered that the time for filing claims against said deceased be limited to four months.   Notice thereof was duly published and proof thereof filed.   The time for filing claims expired on August 9, 1929, and the hearing on claims was ordered to be held on September 3, 1929.   During the pendency of the administration proceedings, and on August 5, 1929, the commission took over the bank for liquidation, and on that day levied a one hundred per cent stock assessment against all of the stockholders of the bank.   At the time the bank was closed, the administrator of said estate had on deposit in said bank the sum of $5,129.83, for which amount claim was duly made by him and allowed.   The estate has never been closed.   Its personal assets have not been distributed to the heirs, nor has the real estate, of which the deceased died seized, been assigned.   No claim was ever filed by the commission against the estate.   Prior to the time that the action was commenced a fifteen per cent dividend had been declared in favor of the creditors of the bank.   The dividend on the estate's claim amounted to $769.47.   It was not

paid to the administrator but was retained by the commission and credited on its claim for the double-liability assessment levied on the stock belonging to the estate, leaving a balance asserted to be due the commission amounting to $630.53.

The principal question for determination is whether the statutes which were in effect in the year 1929 operate to bar the action against the administrator since no claim was filed by the commission against the estate within one year from the time of its accrual. Sec. 313.24, Stats. 1929.

The commission contends that when a claim for double liability accrues after a stockholder's death, it is not limited to the filing of a claim against the estate but may bring an action against the personal representative of the deceased and recover the amount of its claim if assets or funds remain in the hands of the personal representative sufficient to cover it, and if such assets or funds are insufficient, such an amount as equals the amount of the assets then in the hands of the personal representative. The precise question for decision has not heretofore been considered by this court. In *Banking Comm. v. Muzik*, 216 Wis. 596, 599, 257 N. W. 174, it was held, that a claim for double liability which accrued during the lifetime of the stockholder is one which may be enforced by filing against his estate; that such a claim is subject to the nonclaim statute and if not filed within the time limited for the filing of claims, is barred. The issue there was one of law which arose upon demurrer to the defendant's answer. The question which is now before us was not considerately discussed although it was incidentally adverted to. The court said:

"Justification for retaining the words 'enforce a statutory liability' in the statute [doubtless intending to say 'enforce the liability of stockholders' found in sec. 287.17, Stats. 1933] rests upon the consideration that there is a distinction between a claim to enforce a stockholder's liability that accrues before his death and one that accrues while the stock is held by his personal representative. Action may be con-

sidered as properly tenable against the personal representative in the latter case while it may not be in the former."

In *Schafer v. Sell,* 220 Wis. 112, 114, 264 N. W. 620, an action in which it was sought to recover a double-liability assessment from one alleged to be a stockholder, it was said:

"The statute imposes the superadded liability, first, upon stockholders, and, second, to the extent that they have available assets in their hands, upon personal representatives or trustees. . . .

"The statute warrants the conclusion that a personal representative either does not need to be a stockholder in order to be subject to a liability to the extent of his available assets, or, which amounts to the same thing, that he is one by reason of his legal identification with deceased."

In the *Muzik Case, supra,* it does not appear from the opinion whether the estate was in process of probate with assets or funds still in the hands of the executor. *Schafer v. Bellin Memorial Hospital,* 219 Wis. 495, 264 N. W. 177, was an action against the residuary legatees of the deceased stockholder and *Banking Comm. v. Best,* 219 Wis. 526, 264 N. W. 176, was an action against the heirs of a deceased stockholder. In both of the last-mentioned cases the estates had been distributed and the personal representatives discharged.

As before stated, the trial court was of the view that because the commission had failed to file its claim within one year from the time of the accrual, sec. 313.24, Stats. 1929, the action could not be maintained because the claim was barred. The statute deemed controlling by the trial court was as follows:

"313.24 *Payment of subsequently accruing claims.* If the claim of any person shall accrue or become absolute at any time after the time limited for creditors to present their claims the person having such claim may present it to the county court and prove the same at any time within one year after it shall accrue or become absolute, and if established in the manner provided in this chapter the executor or adminis-

trator shall be required to pay it, if he shall have sufficient assets for that purpose, and shall be required to pay such part as he shall have assets to pay; and if real or personal estate shall afterwards come to his possession he shall be required to pay such claim or such part thereof as he may have assets sufficient to pay, not exceeding the proportions of other creditors, in such time as the county court may prescribe."

By virtue of the provisions of that statute the commission could have filed its claim against the estate at any time within one year after it accrued or became absolute and, if allowed, would have required the administrator to pay such part of it as the assets in his hands would permit. However, there was nothing in that statute which provided that failure to file a claim against the estate would bar the right of action against an executor or administrator for the purpose of subjecting assets or funds in his hands to the payment of a double-liability claim.

Sec. 221.42, Stats. 1929, imposed upon stockholders the double liability. That statute was borrowed in 1903 (ch. 234, sub. ch. 2, sec. 39) from the National Banking Act, U. S. R. S. secs. 5151 and 5152.

Sec. 221.42, Stats. 1929, in part, provides:

"But persons holding stock as executors, administrators, guardians or trustees, and persons holding stock as collateral security, shall not be personally liable as stockholders, but the assets or funds in their hands constituting the trust shall be liable to the same extent as the testator, intestate, ward or person interested in such trust fund would be, if living, or competent to act."

Sec. 5152, of the National Banking Act, adopted June 3, 1864, provides:

"Persons holding stock as executors, administrators, guardians, or trustees, shall not be personally subject to any liabilities as stockholders; but the estates and funds in their hands shall be liable in like manner and to the same extent as the testator, intestate, ward, or person interested in such

trust funds would be, if living and competent to act and hold the stock in his own name."

Sec. 5152 was construed a number of times by the federal courts prior to the time that the legislature enacted its provisions into the banking law of this state. *Irons v. Manufacturer's Nat. Bank* (D. C. 1884), 21 Fed. 197; *Witters v. Sowles* (C. C. 1887), 32 Fed. 130; *Wickham v. Hull* (C. C. 1894), 60 Fed. 326; *Parker v. Robinson* (1 Cir. 1895), 71 Fed. 256; *Zimmerman v. Carpenter* (C. C. 1898), 84 Fed. 747; *Baker v. Beach* (C. C. 1898), 85 Fed. 836. In those actions recoveries were permitted against executors or administrators when estate funds were still in their hands. See also subsequent cases to the same effect. *Rankin v. Miller* (D. C.), 207 Fed. 602; *Drain v. Stough* (9 Cir.), 61 Fed. (2d) 668, and the following decisions and annotations: *Baird v. McMillan,* 53 N. D. 257, 205 N. W. 682; *Hirnig v. Kurle,* 54 S. D. 334, 223 N. W. 212; *Wickham v. Hull,* 102 Iowa, 469, 71 N. W. 352, 41 A. L. R. p. 180.

Sec. 313.09, Stats. 1929, provided, in part, as follows:

"No action shall be commenced against an executor or administrator, excepting actions . . . to . . . enforce the liability of stockholders."

Sec. 330.51, Stats. 1929, which is found in ch. 330, relating to Commencement of Limitations of Actions, etc., provides in part:

"This chapter shall not affect actions against directors or stockholders of a moneyed corporation or banking association . . . to enforce a liability created by law; but such actions must be brought within six years after the discovery by the aggrieved party of the facts upon which . . . the liability was created."

Construing all of these statutes, secs. 221.42, 313.09, and 330.51, Stats. 1929, which specifically relate to the recovery of a double liability, "to enforce the liability of stockhold-

ers," and "to enforce a liability created by law," in connection with the construction placed upon the statutes of the United States before we borrowed them, we are impelled to the conclusion that sec. 221.42 gives to the commission the right to sue an executor or administrator, for the purpose of subjecting to its double-liability claim, assets or funds remaining in his hands, recovery being limited of course to the amount of such assets or funds. Whether the present holding in any respect conflicts with the law stated in the *Muzik Case* we need not presently decide.

In our opinion, the circuit court erred in holding that the commission's claim was wholly barred because the commission did not file its claim against the estate within one year from the date of the accrual as it might have done by virtue of the provisions of sec. 313.24, Stats. 1929.

Since the double liability sought to be enforced is not regarded as a debt due to the bank but is a sum of money to be paid to the banking commission as officers of the state for the benefit of the creditors of the bank, it is universally held that the stockholder or his personal representative may not set off the amount of his claim as a creditor of the bank against a double-liability assessment. *Banking Comm. v. Bitker,* 216 Wis. 497, 257 N. W. 616. See also numerous cases listed in 12 USCA, Banks and Banking, p. 204, note 76.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment in favor of the commission and dismissing the defendant's counterclaim.