BANKING COMMISSION, Receiver, Appellant, vs. REINKE, Respondent.*

*October 14—November 10, 1942.*

---

* Motion for rehearing denied, with $25 costs, on January 12, 1943.

364

*Ken Traeger* of Gresham, for the appellant.

For the respondent there was a brief by *Velte & Molzow* of Neenah, attorneys, and *M. G. Eberlein* of Shawano of counsel, and oral argument by *Mr. C. H. Velte* and *Mr. Eberlein.*

Rosenberry, C. J.   The plaintiff seeks to recover of the defendant the amount of the double liability under secs. 313.25 and 287.19, Stats. 1937.

Sec. 313.25, Stats., provides: "When a contingent claim shall have become absolute and been allowed, and the executor or administrator shall not have sufficient assets to pay such claim, the creditor may recover such part of his claim as the executor or administrator has not assets to pay from the heirs,

devisees or legatees who have received property from the estate that was liable for the payment of the debts of the decedent."

Plaintiff contends that this section must be read in connection with sec. 287.19, Stats., which provides:

"If an action mentioned in section 287.18 [being one to recover from heirs or legatees] be brought the plaintiff must show that he has been or will be unable, with due diligence, to collect his debt or some part thereof by proceedings in the county court or from the personal representatives of the decedent and that he brings his action pursuant to sections 313.22 to 313.25; and in such event the plaintiff may recover," etc.

It is the contention of the defendant that before an action can be brought against an heir under these statutes upon a contingent claim, the claim must have been filed, it must have become absolute, and it must have been allowed.

Sec. 313.22, Stats., provides: "Contingent claims against a decedent's estate which cannot be allowed as debts shall, nevertheless, be presented to the court and proved, and they shall be embraced in a statement like that provided in section 313.06. The court may order the executor or administrator to retain in his hands sufficient estate to pay contingent claims when the same become absolute; or if the estate is insolvent, sufficient to pay a percentage thereof equal to the dividends of the other creditors."

Sec. 313.23, Stats., provides: "When a contingent claim, which was duly presented, shall become absolute it may be allowed, upon due proof made within one year after it becomes absolute, in the same manner as other claims. If such contingent claim shall be allowed the creditor shall be entitled to receive payment thereon to the same extent as other creditors."

There can be no doubt that the claim of the plaintiff in the present case was contingent and that it did not become absolute until after the time fixed by the court for the filing of

claims had expired. See discussion *Estate of Lathers* (1934), 215 Wis. 151, 160 *et seq.,* 251 N. W. 466, 254 N. W. 550.

In *Mann v. Everts* (1885), 64 Wis. 372, 29 N. W. 209, it was held that a contingent claim against a decedent's estate which does not accrue and cannot be proven until after the administration is closed and the estate settled, is not barred because not presented for allowance.

The decision in this case depends upon the effect to be given the so-called judgment of the county court on August 7, 1934, which in terms assigned and transferred the assets of the estate to the legatees, Oscar A. Reinke and Adeline Reinke. The plaintiff contends that by the entry of this judgment the county court was deprived of all power over the assets of the estate, and in support of his contention cites the case of *Schafer v. Bellin Memorial Hospital* (1935), 219 Wis. 495, 505, 264 N. W. 177. The court used the following language:

"The right to present a claim for the double liability upon its becoming absolute on June 18, 1932, continued, under the statutes in effect in 1932, until June 18, 1933, when the period of one year after it became absolute terminated. As that was after the completion of the administration of Williams' estate, pursuant to the final order for distribution made on September 27, 1932, the commissioners of banking were entitled to maintain this action under secs. 287.19, 287.21, and 287.18, Stats., against the defendants who, as legatees, received the assets of Williams' estate."

The plaintiff argues that this is a determination that the order for distribution terminated the administration of the estate, but in the *Schafer Case, supra,* the facts were that the estate had been closed, the assets distributed, and the executor discharged. The state banking commission therefore could not file its claim against the estate. Plaintiff also relies upon the case of *Banking Comm. v. Best* (1935), 219 Wis. 526,

264 N. W. 176, but in that case as in the *Schafer Case* the estate had been wholly closed, the administrator discharged, and the personal estate distributed to the next of kin. While it may be true, as plaintiff argues, that a decree rendered on the final settlement of a personal representative has the force and effect of a judgment and is conclusive on the parties to the accounting and settlement as to the matter properly determined therein unless it is set aside or reversed on appeal, that proposition does not determine this case in favor of the plaintiff. It is to be noted that the authority cited by the plaintiff says "unless set aside for proper cause or reversed on appeal." The language of sec. 313.22, Stats., is mandatory. Contingent claims against a decedent's estate which have not been allowed as debts shall nevertheless be presented to the court and proved and they shall be embraced in a statement like that provided in sec. 313.06. Although a contingent claim is not barred by the statute of nonclaims, where it does not become absolute until after the closing of the estate and distribution of the assets, it must nevertheless be presented to the county court if the estate is still in the hands of the county court. In this case plaintiff's claim became absolute on February 21, 1934; judgment of distribution was not entered until August 7, 1934; the court found and the finding is amply sustained by the evidence that the administrator still has in his hands assets ample to discharge plaintiff's claim. The plaintiff had one year after the claim became absolute to present the same. (Sec. 313.23.) During that entire year there were ample assets in the hands of the administrator for the satisfaction of plaintiff's claim, and while a judgment assigning the estate had been entered, that judgment was still under the control and remained under the control of the county court so long as the administrator continued in office and had assets in his hands which might be applied to the satisfaction of plaintiff's claim. It is only when, before the expiration of the year, the estate has not only been assigned

but has in fact been distributed and the administrator discharged, thus depriving the claimant of the ability to present his claim, that the claimant may maintain an action directly against the heirs without filing his claim. While an order or decree of distribution is final so far as the rights of the distributees are concerned, it does not prevent the court from entertaining a contingent claim which has become absolute after the time for filing claims has expired. If application had been made to the court within the year, the court might have vacated or modified its decree of distribution, determined the rights of the claimant, and directed that in the event any amount was found due the claimant, that it be satisfied out of the assets still in the hands of the administrator. If the court had refused upon proper application to so proceed it would clearly have been in error. When a county court has once acquired jurisdiction in probate, it has the wide powers of a court of chancery with respect to all matters involved in the settlement of the estate of a decedent. *Estate of George* (1937), 225 Wis. 251, 270 N. W. 538, 274 N. W. 294; *Estate of Richardson* (1937), 223 Wis. 447, 271 N. W. 56; *Shupe v. Jenks* (1928), 195 Wis. 334, 218 N. W. 375.

Having these powers if the trial court refused upon proper application to permit the plaintiff to have the benefit of sec. 313.23, Stats., it would amount to a denial of the plain right of the plaintiff.

The plaintiff's claim is barred because of its failure to present it to the county court for allowance within a year as provided by sec. 313.23, Stats.

*By the Court.*—Judgment affirmed.

The following opinion was filed January 12, 1943:

PER CURIAM (*on motion for rehearing*). Counsel for the plaintiff still insists that the overruling of the defendant's demurrer made all matters set out in the complaint *res adjudicata*. The difficulty with appellant's position is that

the facts developed upon the trial were widely different than those set out in the complaint. The fact that a complaint states a good cause of action and it is so held on demurrer does not mean that upon the trial the plaintiff is bound to recover.

It is considered that the questions were properly disposed of in the opinion.